[No. 26197. Department One. January 22, 1937.]

LAURA BOOTH, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 64 P. (2d) 505.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Albert H. Solomon,* for respondent.

STEINERT, C. J.—This is an appeal from a judgment reversing a decision of the joint board of the department of labor and industries and remanding the cause to the department for further hearing and decision.

The appeal arises out of the following facts: John Booth, the husband of respondent, was killed on Feb-

ruary 16, 1928, while employed as a miner engaged in extrahazardous work as defined by the workmen's compensation act. The appellant paid his widow, the respondent, a pension of thirty-five dollars per month from the date of her husband's death until October, 1933, and then removed her from the pension roll because of information received by the department indicating that she had remarried. Respondent, seeking reinstatement, thereupon filed a petition for rehearing of her removal and, upon such hearing before the joint board, offered proof that she had not remarried.

During the pendency of the proceedings upon the application for reinstatement, appellant and respondent negotiated and agreed upon terms of settlement of her pending claim. The agreement was consummated, and is evidenced, by a petition "to compromise and settle claim," signed by respondent, and an order made by the department. In her petition, filed June 8, 1934, respondent requested, among other things, that she be restored to the pension roll and that her pension be computed and converted into a lump sum payment of twenty-six hundred dollars. The order of the department, made June 11, 1934, directed that the pension be reinstated and simultaneously converted into a lump sum settlement in the above amount. The amount thus agreed upon, however, was not fixed or certified by the state insurance commissioner, as required by the workmen's compensation act.

Throughout the proceedings and settlement, respondent was represented by an attorney, and, on June 27, 1934, she received and accepted a lump sum payment of twenty-six hundred dollars. She was, at that time, thirty-eight years of age and, according to the American Experience Table of Mortality, had a life expectancy of about twenty-eight years. Should

she attain her full life expectancy, her monthly payments would total $11,760.

On October 7, 1935, which was more than a year after the lump sum payment had been accepted by her, respondent, through her attorney, filed with the department a petition for readjustment of compensation, demanding an additional payment of fourteen hundred dollars, to meet the maximum of four thousand dollars allowed by the workmen's compensation act. The supervisor and joint board, successively, denied the petition, whereupon respondent appealed to the superior court. After a hearing, the court made findings and conclusions favorable to respondent and entered judgment remanding the cause to the department for the purpose of determining the value of respondent's annuity at the time of the settlement, according as it should be fixed and certified by the insurance commissioner. From the judgment so entered, this appeal was taken.

Two questions are here presented. The first is whether the department of labor and industries may legally convert the monthly pension payments provided by the workmen's compensation act into a lump sum payment, or otherwise make a lump sum settlement of a monthly pension allowance, by paying an amount less than the maximum of four thousand dollars provided by the act, if, at the time of such conversion or settlement, the value of the annuity then remaining equals or exceeds the sum of four thousand dollars.

The answer to this question depends upon the construction to be given to Rem. Rev. Stat., § 7681 [P. C. § 3475], which, because of the range of discussion given it in the briefs, we quote in its entirety, as follows:

"In case of death or permanent total disability the monthly payment provided may be converted, in whole or in part, into a lump sum payment (not in any case to exceed four thousand dollars ($4,000.00), equal or proportionate as the case may be to the value of the annuity then remaining, to be fixed and certified by the state insurance commissioner, in which event the monthly payment shall cease in whole or in part accordingly or proportionately. Such conversions may only be made after the happening of the injury and upon the written application of the beneficiary (in case of minor children the application may be by either parent) to the department, and shall rest in the discretion of the department. Within the rule aforesaid the amount and value of the lump sum payment may be agreed upon between the department and the beneficiary. In the event any payment shall be due to an alien residing in a foreign country, the department shall settle the same by making a lump sum payment in such amount as may be agreed to by such alien, not to exceed 50% of the value of the annuity then remaining.

"Nothing herein contained shall preclude the department from making, and authority is hereby given it to make, on its own motion, lump sum payments equal or proportionate, as the case may be, to the value of the annuity then remaining, in full satisfaction of claims due to dependents."

In passing, it may be stated that, under Rem. Rev. Stat., § 7679 [P. C. § 3472], if a workman who is within the act dies leaving a widow, the surviving spouse is entitled to a pension of thirty-five dollars per month throughout her life, unless she remarry, in which event, she is entitled to receive, for herself, once and for all, a lump sum of two hundred forty dollars.

Analyzing Rem. Rev. Stat., § 7681 [P. C. § 3475], we find that it is made up of the following provisions: (a) In case of death or permanent total disability, the monthly payment may be converted, in whole or in part, into a lump sum payment; (b) in no case,

may the lump sum payment exceed four thousand dollars; (c) the lump sum payment is to be equal or proportionate, as the case may be, to the value of the annuity then remaining; (d) the value of the annuity at the time of the conversion must be fixed and certified by the state insurance commissioner; (e) in case of conversion in the manner provided, the monthly payments shall cease, in whole or in part, accordingly or proportionately; (f) such conversion, to be made on written application of the beneficiary, shall rest in the discretion of the department; (g) within the rule thus far declared, the amount and value of the lump sum payment may be agreed upon between the department and the beneficiary; (h) in the event that the person to whom any payment is due is an alien residing in a foreign country, the department shall settle the same by making a lump sum payment in such amount as may be agreed to by such alien, not to exceed fifty per cent of the value of the annuity then remaining; and (i) the department may, on its own motion, make lump sum payments, equal or proportionate, as the case may be, to the value of the annuity then remaining, in full satisfaction of claims due to dependents.

The argument of the appellant may be summarized as follows: The right to make a lump sum settlement is discretionary with the department; in case the department elects to make such lump sum payment, without the consent of the beneficiary, it must pay, within the limit of four thousand dollars, the amount proportionate to the value of the annuity then remaining; but if the department and the beneficiary deem it to their financial advantage, respectively, to settle for a less amount, they may do so; in a given case, as in the one before us, the department may conclude, or may have theretofore concluded, that such a settlement

would be an advantage to it because it would thereby pay less by the lump sum method than, in all probability, it would be called upon to pay during a prolonged life expectancy of the beneficiary, while, on the other hand, the beneficiary might deem it of advantage to her to take a decreased lump sum settlement because of her intended remarriage or some contemplated commercial transaction requiring considerable funds, or because of her immediate poor health. It is further contended by appellant that its construction of the statute as a whole finds convincing support in that provision which permits the department to *settle* with an alien on a basis of fifty per cent, or less, of the value of the annuity then remaining.

We agree with appellant's argument to the extent (a) that the lump sum settlement is discretionary with the department of labor and industries, that is to say, it is discretionary with the department whether or not it will make a lump sum settlement at all, and (b) that, if the department elects to make a lump sum settlement without the consent of the beneficiary, it must pay, within the limit of four thousand dollars, such amount as is equal or proportionate to the value of the annuity then remaining. But we are not in accord with the remainder of appellant's argument and contention.

It is very clear to us that, when the department has determined to make a conversion, either upon its own motion or with the consent of the beneficiary, the statute provides a rule of computation which must be followed and is not subject to variation. The value of the annuity remaining at the time that conversion is determined upon must be fixed and certified by the insurance commissioner. If the conversion is to be made in whole, the amount to be paid the beneficiary is measured according to the value of the annuity as fixed

by the insurance commissioner, in no case, however, to exceed four thousand dollars. If the conversion is to be made in part, because of some exigency requiring, or of some purpose facilitated by, a partial lump sum payment, then the partial conversion is to be measured, proportionately, by the same standard, and the monthly payments thereafter are to be accordingly and proportionately reduced. There is no room or place, within this rule, for negotiation as to amount or value between the department and the beneficiary, when once the propriety or necessity, and the extent, of the conversion, whether in whole or in part, have been determined, either on motion of the respondent or by agreement of the parties concerned.

The provision of the statute which permits the department and the beneficiary to agree upon the amount and value of the lump sum settlement "within aforesaid rule," means that the amount agreed upon must be measured according to the rule which prescribes that the lump sum payment must be equal or proportionate to the value of the annuity as fixed by the state insurance commissioner, and not upon a basis of something less than the rule prescribes. In other words, the department and the beneficiary may agree that there shall be a conversion, in whole or in part, but such conversion, when made, must comply in amount with the computation as fixed by the rule. It is not the function of the department, in such cases, to award an amount which it, for one reason or another, may deem just under the particular circumstances, even though the beneficiary may agree to accept such amount. Its function is to follow the method provided for the determination of the necessary facts and then apply the statutory measure of compensation to the particular case. *Anderson v. Lynch,* 96 Conn. 672, 115 Atl. 474.

Nor is the "financial advantage" to one party over the other to be considered, except in so far as the statute permits the department, in its discretion, to convert the monthly payment, in whole or in part, into a lump sum payment according to the prescribed rule. Beyond that privilege, the department is not entitled to, nor can it take, any advantage of the beneficiary. If the needs or necessities of the beneficiary call for a conversion, in whole or in part, the statute sanctions it, subject to the discretion of the department. Expectant remarriage of the beneficiary, however, is not a proper consideration at all, because Rem. Rev. Stat., § 7679 [P. C. § 3472] provides specifically that the limit of payment in case of remarriage shall be two hundred forty dollars, once and for all. If the department should pay more than that amount, merely because it thought or suspected that remarriage was probable, it would not be properly protecting the trust fund committed to its administration.

The provision of the statute which permits the department to settle with an alien beneficiary residing in a foreign country, on a basis of fifty per cent of the annuity then remaining, or less, is a special rule not applicable to citizens and residents of this country. The reasons for the distinction are not difficult to understand and need no explication. So far from weakening the general rule, the special rule fortifies it.

Upon the first assignment of error, it is our conclusion that the lump sum payment, if considered as a final settlement, was void.

The second assignment of error relates to the statute of limitations. Rem. Rev. Stat., § 7697 [P. C. § 3488] provides that, before a claimant, aggrieved by any order, decision, or award of the department, can appeal to the courts, he must, within sixty days from

the day on which such order, decision, or award was communicated to him, serve upon the director an application for rehearing before the joint board of the department. Appellant's contention is that no appeal from the order fixing and allowing the lump sum payment was taken within the time prescribed by the statute.

There are two answers to that contention. In the first place, if a payment of less than four thousand dollars can be considered valid at all, it could operate only as a conversion in part, provided that the value of the annuity exceeded the amount paid. Under the statute, the department would have the right to make such partial conversion, and no appeal therefrom would lie. In such case, however, the department would still be obligated to continue the monthly payments, reduced accordingly and proportionately as the value of the annuity had been reduced.

In the next place, if the order making a lump sum payment be considered as providing for a full and final settlement, it is void. Being a void order, no appeal to the joint board therefrom was necessary, and hence the statute of limitations would not apply. Whatever amount the department failed to pay according to the mandate of the statute would still be owing to the beneficiary, and no appeal would be necessary until the department should refuse to pay, or to entertain a claim for, the balance of the amount legally owing. That was the procedure followed in this case.

 This disposes of all legal questions presented by the briefs, but, owing to the peculiar circumstances connected with the case, there still remains a question for determination. This involves the question as to what disposition shall be made of the case under the existing circumstances.

It is apparent from the record that both the ap-

pellant and the respondent intended and attempted to make a full and final settlement upon a conversion in whole, and not in part. The agreement which the parties made and the result intended to be accomplished were due to a misconception of the proper construction of the statute. Later, after the lump sum payment had been made, respondent conceived that the statute was not capable of the construction which the parties had placed upon it. She then took the position that the agreement was void, and that, therefore, she was entitled to an additional fourteen hundred dollars. The appellant, on the contrary, insisted that the interpretation originally given to the statute by the parties was correct.

In view of our construction of the statute, as already declared, the ready and easy solution of the immediate problem, considered in the abstract, would be to compel the respondent to return the lump sum payment and thus place the parties *in statu quo*. In all probability, however, that is now impossible for her to do. The question then is, what is the fair and equitable equivalent, from the practical standpoint, bearing in mind, at all times, the aim and purpose of the workmen's compensation act in the matter of relief to those who come within its provisions.

It seems to us that the proper solution, if respondent refuses or fails to repay the lump sum amount, lies in an alternative. The department should either apply the lump sum payment already made, as an advance payment on the monthly amounts, until the sum of twenty-six hundred dollars has thus been exhausted, or else it should take credit for that amount as a partial conversion, after the value of respondent's annuity has been fixed and certified by the state insurance commissioner, and then continue to make monthly payments, reduced accordingly and proportionately.

The department, of course, should have the right to elect which of these alternatives it will adopt and follow. The result thus obtained will, we think, come as near putting the parties in their former position and preserving their respective legal rights as it is now possible to provide. Moreover, should the respondent remarry, the advance payment, or so much thereof as then remains, should be applied in payment of the amount specified by the statute in such cases.

The cause will be remanded, with direction to the trial court to modify its judgment in accordance with the views herein expressed.

MILLARD, BLAKE, MAIN, and GERAGHTY, JJ., concur.

