[No. 26952. *En Banc.* February 10, 1939.]

MARY WILSON GODFREY, *substituted for H. Godfrey, deceased, Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for appellant.

*Kenneth Durham,* for respondent.

ROBINSON, J.—H. Godfrey was injured in September, 1931, while engaged in extrahazardous employment in a Seattle steel mill. His claim for compensation was, at first, wholly rejected, upon the ground that his condition was not the result of an accident within the

[1]Reported in 86 P. (2d) 1110.

meaning of the workmen's compensation act. Later, the joint board allowed and closed his claim, with time loss compensation for two months only and a payment of $240 with respect to permanent partial disability of his right shoulder, but rejected his contention that his heart condition was caused by the steel mill accident. Godfrey thereupon appealed to the superior court of King county. That court held, on January 26, 1934, that the heart condition *was* caused by the accident, and the department was ordered to classify the appellant as totally and permanently disabled.

The department of labor and industries took an appeal to this court, and, upon the filing of the transcript here on March 23, 1934, the cause was numbered 25061. While the appeal of the department was pending, from the judgment holding that Godfrey was totally and permanently disabled, the parties entered into negotiations culminating in the final written offer, addressed to the department:

"Re: Claim No. 622619
H. Godfrey

"In conformity with the discussion yesterday between Mr. Durham, Mr. Bradeson and Mr. Stark, the claimant offers to settle his claim on the following basis: The Department to dismiss its appeal to the supreme court, and to classify Mr. Godfrey as permanently totally disabled, and he in turn to agree to settle his permanent total disability claim for a lump sum of $3,000. This is made as a compromise offer with the reservation that if not accepted it will in no way affect the relative rights of the parties.

"I request that you, as suggested, refer the matter to the Board next Monday.

"Very truly yours,
"H. Godfrey
"Mary (Mrs. (H) Godfrey)"

"Witness
"Kenneth Durham
"Attorney"

On June 4, 1934, the joint board accepted the claimant's proposed settlement and directed the proper persons in the department to carry it into effect. They put the matter through the department as if it were a true lump sum settlement. The insurance commissioner computed the present worth of the pension reserve at $6,219.44, as of July 9, 1934, and Godfrey was paid $3,000, as per the agreement. Upon stipulation of the parties that the controversy had been settled, the appeal was dismissed, by order of this court, on June 25, 1934.

In January, 1937, the court decided the case of *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505. The facts in this case were, in substance, as follows: John Booth was killed while employed in extrahazardous work in February, 1938. The department paid his widow a pension of thirty-five dollars a month from the date of his death. On June 8, 1934, she accepted a lump sum settlement, as to future payments due, in the amount of twenty-six hundred dollars. The matter was not referred to the insurance commissioner, as required by statute. Had that been done, the present worth of her pension would have been found to be in excess of eleven thousand dollars, and she would have been entitled to a lump sum payment of four thousand dollars. Something more than a year after this settlement was made, Mrs. Booth repudiated it and instituted proceedings to collect additional compensation. When the matter reached this court, it was held that the purported final settlement, not having been made in accordance with the statute, was wholly void.

We have very recently reaffirmed the decision in the *Booth* case in *Hagen v. Department of Labor & Industries,* 193 Wash. 555, 76 P. (2d) 592, in which it is said, in part:

"It is not the function of the department to award an amount which it, for one reason or another, may deem just under the particular circumstances, even though the beneficiary may agree to accept it. Its function is to follow the method provided for the determination of the necessary facts and then apply the statutory measure of compensation."

Shortly after the announcement of the decision in the *Booth* case, Godfrey, relying upon it, petitioned the department for additional compensation, which was denied. An appeal was taken to the superior court of King county, which held that the decision in the *Booth* case governed the matter, and, so holding, reversed the department and entered judgment awarding Godfrey the relief demanded. From that judgment, this appeal was taken. During the pendency of the appeal, Godfrey died, and his widow, Mary Wilson Godfrey, has been substituted as respondent.

The judgment appealed from reads, in part, as follows:

"IT IS BY THE COURT ORDERED, ADJUDGED AND DECREED:

"(1) That the settlement agreement whereby the plaintiff accepted on or about June 4, 1934, the sum of $3,000 in full settlement of his pension reserve, is void."

This at once raises the question whether or not the plaintiff, in fact, accepted the sum of three thousand dollars in full settlement of his pension reserve. It appears to us, looking through form to substance, that it is not correct to say that Godfrey accepted three thousand dollars in full settlement of his pension reserve, but that he, in reality, accepted three thousand dollars in settlement of a pending suit in which his adversary was actively contending that he was not entitled to any pension at all. It is true that, presumably for the purpose of making the ordinary and usual record, the agreement was carried out by classifying

the plaintiff as totally and permanently disabled and entering the matter as a lump sum settlement; but the primary thing that the plaintiff wished to secure, and did secure, was the dismissal of the appeal. He received both the dismissal and the sum of three thousand dollars.

■ The situation differs from that in the *Booth* case in another important particular. In that case, the claimant did nothing more than make the original agreement and accept the payment. But, in this case, the claimant went further and participated in the entry of a final judgment. Both he and his attorney signed a stipulation wherein they represented to the court that they had received, or, at least, would receive, when the three thousand dollars was paid, satisfaction of the claim. The language of the stipulation, in part, is:

"  . . . that whereas the controversy over compensation due the claimant for injuries has been settled by agreement between the parties,  . . .
"Now THEREFORE  . . .  it is stipulated and agreed that the appeal of the department of labor and industries to the supreme court may be dismissed without costs to either party."

Upon the faith of this stipulation, as was warranted and proper, this court entered the following judgment of June 25, 1934:

"THIS MATTER, coming on before the court upon application of the appellant, the department of labor and industries, for an order dismissing the appeal; and it appearing to the Court that the case has been settled by agreement between the parties.
"IT IS THEREFORE ORDERED that the appeal from the judgment of the superior court of King county entered January 26, 1934, be and the same hereby is dismissed with prejudice and without costs to either party."

This judgment is binding upon the original claimant, and, therefore, upon his successor, the substituted respondent here. See citations of authorities in Lawyers' Reports, Annotated, 1918B, p. 525, to the following text:

"The rule is well settled that a judgment dismissing an action, based upon a stipulation of the parties settling and adjusting the subject-matter of the action, and agreeing to its dismissal, is a bar to a subsequent action for the same cause."

Since this is a subsequent action for the same cause as was being prosecuted in the case which was, upon stipulation of the parties, dismissed, as having been settled, it cannot be maintained.

The judgment appealed from is reversed, and the cause is ordered dismissed.

BEALS, STEINERT, GERAGHTY, SIMPSON, and JEFFERS, JJ., concur.

MAIN, J. (dissenting)—I see no substantial distinction between this case and the case of *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505, and, upon the authority of that case, the judgment in this case should be affirmed. I therefore dissent.

BLAKE, C. J., and MILLARD, J., concur with MAIN, J.