BEVERLY MARLEY, *Petitioner*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

534

*Thompson & Delay, P.S.*, by *Daniel P. Thompson; Walthew, Warner, Costello, Thompson & Eagan*, by *Robert H. Thompson*, for petitioner.

*Christine O. Gregoire, Attorney General, Nancy Thygesen Day, Senior Counsel*, and *Loretta A. Vosk, Assistant*, for respondent.

GUY, J. — Six years after the Department of Labor and Industries (Department) denied her claim for workers' compensation, Petitioner Beverly Marley sought to declare the Department's order void. Both the Department and the Board of Industrial Insurance Appeals declined to reopen the claim. The Superior Court for King County ruled that the Department's original order denying benefits to Mrs. Marley was void and therefore subject to appeal at any time. The Court of Appeals reversed the Superior Court. *Marley v. Department of Labor & Indus.*, 72 Wn. App. 326, 864 P.2d 960 (1993). We agree that the Department's original order was not void and affirm the Court of Appeals' decision.

FACTS

On April 3, 1984, Richard Marley lost control of the 1980 Mercury Capri he was driving eastbound on the I-90 floating bridge in Seattle. The car spun and rear-ended a concrete barrier, throwing Mr. Marley out the back window. Mr. Marley died of head injuries at the scene.

Mr. Marley's employer, a Bellevue automobile dealer, owned the Mercury Capri. Mr. Marley was driving in the direction of the dealership when he lost control of the car. On July 12, 1984, Mrs. Marley applied for workers' compensation payments for her children and herself as beneficiaries. An attorney represented Mrs. Marley throughout these 1984 proceedings.

When an investigator from the Department interviewed Mrs. Marley in her attorney's presence, Mrs. Marley stated that she had separated from Mr. Marley in 1972 and the two had lived separately since then. She also said that Mr. Marley had paid child support through the Department of Social and Health Services (DSHS). On August 15, 1984, the investigator attempted to confirm that Mrs. Marley had lived apart from her husband for more than 2 years, and that her husband had paid no support other than child support through DSHS. Mrs. Marley requested that the investigator call her attorney. The investigator called the attorney and left a message, but no record exists that the attorney returned the call.

On September 17, 1984, the investigator called Mrs. Marley again to tell her that her two children qualified for dependents' benefits; however, because the Department's information showed that Mrs. Marley was living in a state of abandonment under RCW 51.08.020,[1] the investigator told her that she did not qualify for payments as a beneficiary. Mrs. Marley requested that the investigator call her attor-

---

[1]RCW 51.08.020 defines the term "beneficiary", providing in relevant part: "A spouse who has lived separate and apart from the other spouse for the period of two years and who has not, during that time, received, or attempted by process of law to collect, funds for maintenance, shall be deemed living in a state of abandonment."

ney. The investigator called the attorney. No record exists that the attorney returned the call.

On October 4, 1984, the Department mailed formal notice of its decision to Mrs. Marley and her attorney. The Department's order granted benefits to Mrs. Marley's two sons but denied benefits to Mrs. Marley, concluding that "Beverley [*sic*] J. Marley had been living separate and apart from the deceased and does not qualify as a beneficiary as defined under RCW 51.08.020." At the top of its order, the Department notified Mrs. Marley and her attorney that "ANY PROTEST OR REQUEST FOR RECONSIDERATION OF THIS ORDER MUST BE MADE IN WRITING TO THE DEPARTMENT OF LABOR AND INDUSTRIES IN OLYMPIA WITHIN 60 DAYS."

No appeal followed the order.

On September 6, 1990, a new attorney for Mrs. Marley wrote the Department for a copy of the files in her 1984 claim. The new attorney, on November 5, 1990, requested reconsideration of the Department's order which denied benefits to Mrs. Marley. The Department denied the request for reconsideration on November 15, 1990, stating that the Department's order of October 4, 1984, became final after 60 days had expired without an appeal.

Mrs. Marley appealed the denial of reconsideration to the Board of Industrial Insurance Appeals (Board). On June 17, 1991, an industrial appeals judge upheld the Department's ruling of November 15, 1990, and concluded that the order of October 4, 1984, denying benefits was final and binding. When the Board declined review of Mrs. Marley's appeal, the decision of the industrial appeals judge became the decision of the Board.

Mrs. Marley appealed to the Superior Court for King County, which reversed the decision of the Board. The court remanded the case to the Department, directing the Department to decide whether Mrs. Marley was living in a state of abandonment at the time of her husband's fatal injury.

Division One of the Court of Appeals reversed the trial court. *Marley v. Department of Labor & Indus.*, 72 Wn. App.

326, 864 P.2d 960 (1993). The Court of Appeals concluded that the Department's order denying benefits was not contrary to statutory mandate and therefore was a final judgment. *Marley*, 72 Wn. App. at 334-35. To reach this conclusion, the Court of Appeals explicitly disagreed with the ruling by Division Three in *Fairley v. Department of Labor & Indus.*, 29 Wn. App. 477, 627 P.2d 961, *review denied*, 95 Wn.2d 1032 (1981).

This court granted Mrs. Marley's petition for review to resolve the conflict between the opinions of the Court of Appeals.

ISSUES PRESENTED

This case presents two issues: (1) what must a party show to establish that an order from the Department of Labor and Industries is void, and (2) was the October 4, 1984, order denying benefits to Mrs. Marley void? We conclude that to prove a departmental order was void, a party must show that the Department lacked either personal or subject matter jurisdiction. Because the Department had jurisdiction, we find its order valid and binding.

ANALYSIS

I

■ The doctrine of claim preclusion applies to a final judgment by the Department[2] as it would to an unappealed order of a trial court.

> [A]n order or judgment of the department resting upon a finding, or findings, of fact becomes a complete and final adjudication, binding upon both the department and the claimant unless such action . . . is set aside upon appeal or is vacated for fraud or something of like nature.

*LeBire v. Department of Labor & Indus.*, 14 Wn.2d 407, 415, 128 P.2d 308 (1942); *see also Perry v. Department of Labor & Indus.*, 48 Wn.2d 205, 209, 292 P.2d 366 (1956) ("no appeal

[2]We use the term "Department" broadly. The Industrial Insurance Act creates multiple levels of review within the agency, including review by the Department itself, by an industrial appeals judge within the Board of Industrial Insurance Appeals, and by the Board itself. A party's failure to appeal an adverse ruling to the next level transforms the ruling into a final adjudication by the Department.

having been taken therefrom, all matters determined by [departmental order] became final"); Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 825-26 (1985) (common example of binding agency decisions are Department's determinations of workers' compensation claims). An unappealed final order from the Department precludes the parties from rearguing the same claim.

If a party to a claim believes the Department erred in its decision, that party must appeal the adverse ruling. The failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim.

Mrs. Marley agrees she did not appeal the original decision of the Department within the required 60 days. She argues that because the Department's decision was void when entered, she may attack the decision at any time. "If an order is void, then no appeal is necessary and the statute of limitations will not apply." *Marley*, 72 Wn. App. at 330.

 Here, then, is the central issue of this case. What must a claimant show to establish that an order from the Department was void when entered? To answer, we draw from three sources. First, the Restatement (Second) of Judgments §§ 1, 11 (1982) establishes that a tribunal's lack of personal or subject matter jurisdiction voids that tribunal's orders. Second, this court in *Dike v. Dike*, 75 Wn.2d 1, 448 P.2d 490 (1968) has articulated a 3-part standard for voiding a court's order. Third, in a series of cases beginning in the 1930's, this court announced, and then substantially narrowed, a test for determining when lump sum settlements of workers' compensation claims were void.

Section 1 of the Restatement (Second) of Judgments sets forth the requisites of a valid judgment:

A court has authority to render judgment in an action when the court has jurisdiction of the subject matter of the action, as stated in § 11, and (1) The party against whom judgment is to be rendered has submitted to the jurisdiction of the court, or (2) Adequate notice has been afforded the party, as stated in § 2, and the court has territorial jurisdiction of the action, as stated in §§ 4 to 9.

By implication, a void judgment exists whenever the issuing court lacks personal jurisdiction over the party or subject matter jurisdiction over the claim.

In Mrs. Marley's case, only subject matter jurisdiction is at issue. She does not contest the Department had personal jurisdiction over her.

Section 11 of the Restatement defines subject matter jurisdiction: "A judgment may properly be rendered against a party only if the court has authority to adjudicate the *type of controversy* involved in the action." (Italics ours.) We italicize the phrase "type of controversy" to emphasize its importance. A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order.

> The term "subject matter jurisdiction" is often confused with a court's "authority" to rule in a particular manner. This has led to improvident and inconsistent use of the term.
>
> . . . .
>
> . . . Courts do not lose subject matter jurisdiction merely by interpreting the law erroneously. If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.

(Footnote omitted.) *In re Major*, 71 Wn. App. 531, 534-35, 859 P.2d 1262 (1993).

A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate.

> [T]he focus must be on the words "type of controversy." If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.

Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U. L. Rev. 1, 28. A lack of subject matter jurisdiction implies that an agency has no authority to decide the claim at all, let alone order a particular kind of relief.

The Legislature has granted the Department broad authority to decide claims for workers' compensation. *See* RCW 51.04.020 (listing the director of Labor and Industries' powers and duties). Sixty years ago we concluded that the De-

partment has "original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred." *Abraham v. Department of Labor & Indus.*, 178 Wash. 160, 163, 34 P.2d 457 (1934).

We next reach the second source of guidance in this case. In *Dike v. Dike*, 75 Wn.2d 1, 448 P.2d 490 (1968), this court adopted a 3-part test to determine whether a court's order is void.

> [W]here the court has jurisdiction of the parties and of the subject matter of the suit and the legal authority to make the order, a party refusing to obey it, however erroneously made, is liable for contempt.

*Dike*, 75 Wn.2d at 8 (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352, 146 A.L.R. 966 (1943)); *see also Bresolin v. Morris*, 86 Wn.2d 241, 245, 543 P.2d 325 (1975) ("[a] judgment is void only where the court lacks jurisdiction of the parties or the subject matter or lacks the inherent power to enter the particular order involved").

Although the test in *Dike* contains an additional element, it does not differ substantially from that advocated by the Restatement. The third element — the inherent power to enter the order — is a subset of subject matter jurisdiction, adopted by this court to account for the unique qualities of contempt orders. *Dike* involved an attorney's challenge to a court order requiring the attorney to divulge the whereabouts of his client, and an order of contempt which followed the attorney's refusal to comply. This court concluded in *Dike* that the trial court's initial order to divulge violated the attorney-client privilege. However, the court upheld the trial court's ability to enter a valid order of contempt even if the underlying grounds were in error. *Dike*, 75 Wn.2d at 8.

> The power of a court, created by the constitution, to punish for contempt for disobedience of its mandates, is inherent. The power comes into being upon the very creation of such a court and remains with it as long as the court exists.

*Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 423, 63 P.2d 397 (1936).[3] A court maintains inherent subject mat-

---

[3]Courts maintain statutory authority to enter orders of contempt, as well. *See* RCW 7.21.010-.900.

ter jurisdiction to enter orders of contempt, even if premised on an erroneous prior order. *Dike*, 75 Wn.2d at 8.

Because the test in *Dike* does not differ in substance from that in the Restatement, we adopt the definition of a valid order set forth in the Restatement (Second) of Judgments § 1 (1982). We also conclude that a court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over the claim.

Mrs. Marley argues that a series of this court's opinions on workers' compensation cases, reinvigorated by the Court of Appeals in *Fairley v. Department of Labor & Indus.*, 29 Wn. App. 477, 627 P.2d 961, *review denied*, 95 Wn.2d 1032 (1981), renders the Department's order void. We disagree.

In *Fairley*, the Court of Appeals held that

> the Department miscalculated Mrs. Fairley's benefits because of a misconstruction of the statute. Its award, being outside the statutory mandate, was therefore void. . . . Being a void order, no appeal from the initial decision was necessary.

*Fairley*, 29 Wn. App. at 481. Mrs. Marley contends the Department misconstrued the definition of abandonment when it denied benefits to her, the Department's order was outside its statutory mandate to pay benefits to all who are eligible and, therefore, the Department's order was void.

■ We find *Fairley* an incorrect statement of the law and overrule the opinion. The rule in *Fairley* would transform the Department's mistakes in statutory construction, errors of law, into jurisdictional flaws. As the Restatement warns, classifying an error of law as a "jurisdictional" issue

> transforms it into one that may be raised belatedly, and thus permits its assertion by a litigant who failed to raise it at an earlier stage in the litigation. The classification of a matter as one of jurisdiction is thus a pathway of escape from the rigors of the rules of res judicata. By the same token it opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment.

Restatement (Second) of Judgments § 12, cmt. b (1982).

The *Fairley* court's reliance on the broad holding in *Booth v. Department of Labor & Indus.*, 189 Wash. 201, 208-09, 64 P.2d 505 (1937) (lump sum settlement of less than statutory

amount was void), fails to acknowledge this court's substantial revision of *Booth* in later cases. *See, e.g., Godfrey v. Department of Labor & Indus.*, 198 Wash. 71, 74-75, 86 P.2d 1110 (1939) (declining to follow *Booth); Horton v. Department of Labor & Indus.*, 199 Wash. 212, 216, 90 P.2d 1009 (1939) (claimant's choice of receiving lump sum settlement not void); *Sorenson v. Department of Labor & Indus.*, 12 Wn.2d 355, 362, 121 P.2d 978 (1942) (*Sorenson* I) (claimant may not reopen first claim which resulted in inadequate lump sum settlement); *Sorenson v. Department of Labor & Indus.*, 19 Wn.2d 571, 575, 143 P.2d 844 (1943) (*Sorenson* II) (steps antecedent to inadequate lump sum settlement were not void).

In the cases which followed *Booth,* this court recognized the danger of declaring a departmental order void simply because the Department committed a legal error. We state now what the court implied in *Sorenson* II: the failure to calculate a lump sum settlement correctly is an error of law, not a failure of jurisdiction. Therefore, we overrule *Booth* and the cases which followed to the extent they depart from the Restatement (Second) of Judgments §§ 1, 11 (1982). An order from the Department is void only when the Department lacks personal or subject matter jurisdiction.

## II

We now turn to Mrs. Marley's case. Because the Department had personal jurisdiction and subject matter jurisdiction over Mrs. Marley's claim, its order denying benefits is not void. First, as noted, the Department has subject matter jurisdiction to adjudicate all claims for workers' compensation. *Abraham v. Department of Labor & Indus.*, 178 Wash. 160, 163, 34 P.2d 457 (1934). Mrs. Marley's suit is a claim for benefits.

Second, Mrs. Marley has at best shown that the Department made an erroneous decision, not that it lacked subject matter jurisdiction. Citing *Johnson v. Department of Labor & Indus.*, 3 Wn.2d 257, 100 P.2d 382 (1940), Mrs. Marley argues that her late husband's payment of child support

proves that she was not living in a state of abandonment. In *Johnson*, the court held that

> a payment by a husband to a wife living apart and caring for their child, even though designated for the support of the child, may be deemed to be a payment for the support of the mother as well. We, therefore, think the appellant received support from her husband within the two-year period, and that abandonment was not proven.

*Johnson*, 3 Wn.2d at 264. Mrs. Marley asserts *Johnson* presumed as a matter of law that payments for child support also constituted payments for the maintenance to the custodial spouse.

Even assuming Mrs. Marley's argument has merit,[4] she has only proved that the Department made an error, not that it ruled without jurisdiction. Whether right or wrong, the Department clearly had the authority to decide whether Mrs. Marley was living in a state of abandonment under RCW 51.08.020. The type of controversy involved in this case, eligibility for workers' compensation benefits as a beneficiary, is within the Department's domain to decide.

> "Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law." Freeman on Judgments, 5th Ed., section 357, p. 744.

*Dike v. Dike*, 75 Wn.2d 1, 8, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352, 146 A.L.R. 966 (1943)). We therefore find that Mrs. Marley's failure to appeal the Department's order of October 4, 1984, transformed the order into a final adjudication, valid and binding on Mrs. Marley.

## CONCLUSION

To declare an order void, a reviewing court must find the issuing tribunal lacked either personal jurisdiction over the

---

[4] Mrs. Marley reads *Johnson v. Department of Labor & Indus.*, 3 Wn.2d 257, 100 P.2d 382 (1940) too broadly. The *Johnson* court pointed to a number of facts which justified treating child support as maintenance, *in spite of* its denomination. *See Johnson*, 3 Wn.2d at 260-62 (Mrs. Johnson sought support for both herself and her daughter). *Johnson* established that the court will look beyond the formal title of payments to determine their actual use. This is a question of fact, not a legal presumption.

parties or subject matter jurisdiction over the claim. Subject matter jurisdiction is the authority to adjudicate the type of controversy at issue. Because the Department had both personal jurisdiction and subject matter jurisdiction over Mrs. Marley's claim, its decision to deny benefits is valid and binding. We affirm the Court of Appeals.

ANDERSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, JOHNSON and MADSEN, JJ., concur.