# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| NYLUND HOMES, INC., | No.  50349-2-II |
| Respondent, | |
| v. | |
| JERZY GRUCA, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Jerzy Gruca appeals a writ of restitution and subsequent personal property disposal order in an unlawful detainer action commenced as the result of a trustee's nonjudicial foreclosure sale.  Gruca contends that the superior court erred in issuing the writ of restitution because (1) it lacked subject matter jurisdiction over the unlawful detainer action. Gruca also contends that the superior court erred in issuing its personal property disposal order because (2) it lacked statutory authority to enter the order and, alternatively, (3) Nylund Homes was statutorily required to place his personal property in a storage container on the property.  We affirm.

## FACTS

In 1993, Gruca acquired real property in Clark County by way of a statutory warranty deed.  In 2007, Gruca received a $175,950 loan from America's Wholesale Lender, which loan was secured by a deed of trust in Gruca's Clark County property.  The 2007 deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary of the deed of trust.  On

August 1, 2011, MERS assigned its beneficiary interest in the deed of trust to The Bank of New York Mellon (Bank).[1]

Gruca apparently defaulted on the loan and the Bank commenced foreclosure proceedings.[2] Gruca subsequently filed multiple lawsuits in an attempt to stop a foreclosure sale of the Clark County property. On October 10, 2014, Gruca filed a complaint to enjoin the Bank from foreclosing on the property. Two of the three defendants, the Bank and Specialized Loan Servicing, were dismissed from the case on April 1, 2016. The suit was dismissed with prejudice in its entirety on August 19, 2016. Gruca also filed for Chapter 13 bankruptcy, which matter was dismissed by court order on May 7, 2015.

On June 2, 2015, the Bank appointed Benjamin D. Petiprin as successor trustee. Petiprin held a trustee's sale on May 20, 2016, at which Nylund Homes purchased the subject property. On April 1, 2016, prior to the May 20 trustee's sale, Gruca filed a complaint to quiet title in the property. On April 8, 2016, Gruca filed a notice of lis pendens against the property. Gruca's quiet title complaint did not seek to restrain the pending trustee's sale of the property under RCW 61.24.130.

---

[1] The deed of trust assignment document stated the assigned beneficiary's full name as "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-3." Clerk's Papers at 255.

[2] Although the parties do not identify, and we could not locate, documentation in the record to support this fact, it may be fairly implied from Gruca's attempts to stop the foreclosure proceedings and from the subsequent trustee's sale to Nylund Homes. Regardless, as will be explained in this opinion's analysis, the propriety of Nylund Homes' claim to title in the Clark County property is not a proper subject of appeal from an unlawful detainer action.

On June 13, 2016, Nylund Homes filed an eviction summons and complaint for unlawful detainer against Gruca. The superior court entered an order for Gruca to show cause why a writ of restitution should not be immediately issued restoring Nylund Homes' possession in the subject property. In response, Gruca answered that the superior court lacked complete jurisdiction over the unlawful detainer action because there existed a dispute as to whom had proper title in the property, as evidenced by his pending quiet title action.[3]

On June 24, 2016, the superior court entered an order granting Nylund Homes' motion for an immediate writ of restitution. When Gruca vacated the property following the sheriff's execution of the writ of restitution, he left in the driveway a portable storage unit. After Nylund Homes took possession of the property, it boxed and stored Gruca's personal property at a storage facility. On July 21, Nylund Homes provided Gruca with notice of its intent to sell or dispose of the personal property Gruca had left at the premises. The notice informed Gruca that he could arrange a time and place to retrieve his personal property within 30 days of service of the notice; the notice further provided that Gruca was liable for storage and moving costs incurred by Nylund Homes.

On July 22, the Clark County Sheriff informed the superior court that it satisfied the writ of restitution. On July 29, Nylund Homes mailed Gruca a second notice of its intent to sell or dispose of its property; the second notice included documentation showing storage and moving costs incurred by Nylund Homes. Gruca rejected Nylund Homes' request for moving and storage costs. On September 2, Nylund Homes filed a motion for entry of order authorizing disposition of Gruca's personal property, which motion the superior court granted on September

---

[3] Gruca's quiet title complaint was dismissed on September 2, 2016.

16. The superior court's personal property disposal order awarded labor and storage costs to Nylund Homes.

Gruca sought direct review by our Supreme Court of the superior court's order to show cause, order granting motion for immediate writ of restitution, and order on motion to dispose of personal property. Our Supreme Court transferred Gruca's appeal to this court.

## ANALYSIS

### I. LEGAL PRINCIPLES

#### A. *Standard of Review*

In general, a party may not raise an issue for the first time on appeal. RAP 2.5. But, as an exception to this general rule, a party may raise the issue of lack of subject matter jurisdiction at any time. RAP 2.5(a)(1); *MHM&F, LLC v. Pryor*, 168 Wn. App. 451, 459, 277 P.3d 62 (2012). We review de novo the legal question of whether a trial court had subject matter jurisdiction over a controversy. *Angelo Prop. Co., LP v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075 (2012). If a trial court lacks subject matter jurisdiction, it is powerless to decide the merits of the case. *Angelo*, 167 Wn. App. at 808. "A judgment entered by a court lacking subject matter jurisdiction is void; and a party may challenge such judgment at any time. *Angelo*, 167 Wn. App. at 808.

#### B. *Unlawful Detainer Generally*

"An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property." *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). The unlawful detainer statutes were created to facilitate summary proceedings as an alternative to a common law ejectment action. *River Stone*

4

*Holdings NW, LLC v. Lopez,* 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). "[B]ecause of an unlawful detainer's summary nature, the proceedings are limited to resolving questions related to possession of property and related issues like restitution of the premises and rent." *River Stone,* 199 Wn. App. at 92. Issues unrelated to possession are not properly included in an unlawful detainer action and must be resolved in a separate action. *River Stone,* 199 Wn. App. at 92.

"In an unlawful detainer action, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and *not* as a court of general jurisdiction with the power to hear and determine other issues." *Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830 (1983) (alteration in original).

> In other words, although a superior court is normally a court of general jurisdiction and it may resolve most civil claims, when the superior court hears an unlawful detainer action under RCW 59.12.030, it sits in a statutorily limited capacity and lacks authority to resolve issues outside the scope of the unlawful detainer statute.

*Angelo*, 167 Wn. App. at 809.

C.      *Deeds of Trust Act—Chapter 61.24 RCW*

The Deeds of Trust Act permits for the private sale of foreclosed property as an alternative to judicial foreclosure proceedings. *River Stone*, 199 Wn. App. at 92-93. "The underlying deed of trust creates a three-party transaction in which a lender loans money to a borrower, the borrower deeds the property to a trustee, and the trustee holds the deed as security for the lender." *River Stone*, 199 Wn. App. at 93. In the event that a borrower breaches the loan obligations to the lender, the trustee is permitted to foreclose on the property in a trustee's sale. RCW 61.24.020; *River Stone*, 199 Wn. App. at 93.

RCW 61.24.030, .031, and .040 provide detailed procedures with which a trustee must strictly comply to properly foreclose on a deed of trust and conduct a trustee's sale. If a trustee

5

fails to strictly comply with these statutory procedures, the trustee's sale is rendered invalid. *River Stone*, 199 Wn. App. at 93. "However, under RCW 61.24.040(7), a recitation in the deed executed to a purchaser that the sale was conducted in compliance with all [Deeds of Trust Act] requirements is prima facie evidence of compliance and conclusive evidence of compliance for a bona fide purchaser." *River Stone*, 199 Wn. App. at 93. RCW 61.24.060(1) states that "[t]he purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust," provided that the purchaser gave the borrower/occupant statutorily required notice to vacate the property. RCW 61.24.060(1) further provides that the purchaser of property at a trustee's sale may avail itself of the summary unlawful detainer proceedings under chapter 59.12 RCW.

## II. MOTION TO TAKE JUDICIAL NOTICE

As an initial matter, Gruca has filed a motion for this court to take judicial notice of certain facts.[4] Gruca's motion requests this court to take judicial notice of a deed of trust that does not reference the property or parties in this matter, as well as three bulletins issued by Freddie Mac that clarify certain selling and servicing requirements. At best, these documents may relate to a claim regarding a defective title in the Clark County property at issue. But, as will be addressed below, the allegation of defective title is not a proper defense raised in an unlawful detainer action. We deny Gruca's motion because these documents are not relevant to the disposition of the issues before us. *See Washington Water Jet Workers Ass'n v. Yarbrough*,

---

[4] Gruca originally filed his judicial notice motion in our Supreme Court. Our Supreme Court transferred the motion to this court along with Gruca's appeal.

151 Wn.2d 470, 476 n. 4, 90 P.3d 42 (2004) (denying motion to take judicial notice based in part on irrelevance of facts sought to be noticed to the issues before the court).

### III. SUBJECT MATTER JURISDICTION

Gruca contends that the superior court's writ of restitution order and personal property disposal order are void because the court lacked subject matter jurisdiction over the unlawful detainer action. We disagree.

A.    *Compliance with RCW 59.12.032*

Gruca first argues that the superior court lacked subject matter jurisdiction because the court failed to determine whether Nylund Homes' unlawful detainer action had complied with RCW 59.12.032. We disagree.

RCW 59.12.032 provides that "[a]n unlawful detainer action, commenced as a result of a trustee's sale under chapter 61.24 RCW, must comply with the requirements of RCW 61.24.040 and 61.24.060." RCW 61.24.040 contains detailed notice requirements that must be met prior to foreclosing on property and conducting a trustee's sale. And RCW 61.24.060 specifies the rights and remedies for a purchaser of property at a trustee's sale.

Gruca does not cite, and we have not located, any legal authority supporting his proposition that a superior court must determine compliance with RCW 59.12.032 has been met as a necessary prerequisite to asserting jurisdiction over an unlawful detainer action. We hold that Gruca's contention concerning compliance with the procedural requirements of RCW 59.12.032 does not relate to the superior court's subject matter jurisdiction over the unlawful detainer action.

No. 50349-2-II

In *MHM&F*, Division One of this court noted that several decisions from our Supreme Court have held that article IV, section 6 of our State Constitution is dispositive as to a superior court's jurisdiction over cases involving title or possession of real property. 168 Wn. App. at 459-60.[5] The *MHM&F* court recognized that our Supreme Court has overruled prior precedents that classified the superior court's jurisdiction over unlawful detainer actions as purely statutory. 168 Wn. App. at 459-60. Applying our Supreme Court's precedent to the case before it, the *MHM&F* court stated:

> Whether the superior court ruled correctly or incorrectly in this particular case, it did not lack subject matter jurisdiction. The court's subject matter jurisdiction in cases involving the title or possession of real property is expressly granted by the state constitution and has not been "vested exclusively in some other court." WASH. CONST. art. IV, § 6. We narrowly construe exceptions to the constitution's jurisdictional grant. *Cole*[ *v. Harveyland, LLC*], 163 Wn. App. [199, 206, 258 P.3d 70, (2011)]. Thus, it is incorrect to say that the court acquires subject matter jurisdiction from an action taken by a party or that it loses subject matter jurisdiction as the result of a party's failure to act. [*Housing Auth. of City of Seattle v. *]*Bin*, 163 Wn. App. [367, 376, 260 P.3d 900 (2011)].
>
> If the type of controversy is within the superior court's subject matter jurisdiction, as it is here, "'then all other defects or errors go to something other than subject matter jurisdiction.'" *Marley*[ *v. Dep't of Labor & Indus.*], 125 Wn.2d [533, 539, 886 P.2d 189 (1994)] (quoting Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U. L. REV. 1, 28)[, *superseded by statute as stated in Birrueta v. Dep't of Labor & Indus.*, 186 Wn.2d 537, 549-51, 379 P.3d 120 (2016)].

---

[5] (Citing *State v. Posey*, 174 Wn.2d 131, 135-41, 272 P.3d 840 (2012); *ZDI Gaming, Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 616-18, 268 P.3d 929 (2012); *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 734, 254 P.3d 818 (2011); *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316-20, 76 P.3d 1183 (2003); *Young v. Clark*, 149 Wn.2d 130, 133-34, 65 P.3d 1192 (2003); *Shoop v. Kittitas County*, 149 Wn.2d 29, 38, 65 P.3d 1194 (2003); *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994), *superseded by statute as stated in Birrueta v. Dep't of Labor & Indus.*, 186 Wn.2d 537, 549-51, 379 P.3d 120 (2016)).

168 Wn. App. at 460. Similarly in *Bin*, Division One of this court held that "[a]n unlawful detainer action is within the subject matter jurisdiction granted to the superior court by the state constitution." 163 Wn. App. at 369; *see also Tacoma Rescue Mission v. Stewart*, 155 Wn. App. 250, 254 n. 9, 228 P.3d 1289 (2010) (noting that superior courts have broad general jurisdiction over real estate disputes and, thus, there is a distinction between a superior court having subject matter jurisdiction in unlawful detainer actions and a party's inability to invoke such jurisdiction due to that party's failure to satisfy statutory requirements).[6]

Here, properly characterized, Gruca's contentions regarding compliance with the requirements of RCW 59.12.032 concern matters of statutory interpretation and procedure rather than subject matter jurisdiction. Stated properly, the question before this court is whether RCW 59.12.032 requires the superior court to determine that the requirements of RCW 61.24.040 and .060 have been met before entering a writ of restitution and, if so, whether sufficient evidence demonstrated that (1) the trustee's sale complied with the notice requirements of RCW 61.24.040 and (2) the purchaser provided Gruca with proper notice to vacate under RCW 61.24.060. Because Gruca's challenge does not concern the superior court's subject matter jurisdiction, he was required to raise these statutory interpretation and procedural claims in the superior court to preserve the issues for appeal. RAP 2.5(a); *MHM&F*, 168 Wn. App. at 459.

---

[6] In *Angelo*, we distinguished *Bin* and our decision in *Tacoma Rescue Mission*, on the basis that those cases did not address the issue of whether the superior court's subject matter jurisdiction, once properly invoked pursuant to the statutory grant of chapter 59.12 RCW, extended so as to permit it to address counterclaims outside the scope of chapter 59.12 RCW. *Angelo*, 167 Wn. App. at 823 n. 67. Because Gruca's challenge to the superior court's subject matter jurisdiction resembles the procedural claims addressed in *MHM&F*, *Bin*, and *Tacoma Rescue Mission*, rather than the scope of subject matter jurisdiction addressed in *Angelo*, we apply those cases here notwithstanding our decision in *Angelo*.

### 1. RCW 61.24.060

Gruca clearly did not challenge in the superior court Nylund Homes' compliance with the notice to vacate requirements of RCW 61.24.060 and, thus, he cannot raise this challenge for the first time on appeal. Moreover, Gruca provides no argument on appeal regarding Nylund Homes' compliance with RCW 61.24.060. Accordingly, we do not address that issue further.

### 2. RCW 61.24.040

Regarding RCW 61.24.040, Gruca did not identify at the superior court, and does not identify on appeal, any specific notice provision of the statute that had not been complied with prior to the trustee's sale. Instead, Gruca raised several general arguments in the superior court concerning alleged defects in title. Even assuming that Gruca's general claims regarding defects in the title were sufficient to properly preserve a challenge to Nylund Homes' compliance with RCW 61.24.060 on appeal, the challenge cannot succeed. Here, Nylund Homes attached to its unlawful detainer complaint a copy of its trustee's deed, which stated in relevant part that "[a]ll legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in Chapter 61.24 RCW." Clerk's Papers (CP) at 7. The trustee's deed also contained recitations of facts showing compliance with the notice provisions of RCW 61.24.040. These recitations in the trustee's deed were sufficient to show compliance with RCW 61.24.040. RCW 61.24.040(7); *River Stone*, 199 Wn. App. at 93. Accordingly, Gruca does not demonstrate that Nylund Homes failed to comply with RCW 61.24.040.

B.      *Claims Related to Defects in Title*

Next, Gruca argues that the superior court lacked subject matter jurisdiction based on several alleged defects in the title.[7]  Although Gruca's arguments regarding defects in the title and trustee's sale do not concern the superior court's subject matter jurisdiction, he raised sufficiently similar arguments at the superior court to preserve the issue on appeal.  Nonetheless, these arguments fail because they address alleged defects in title, which cannot be adjudicated in an unlawful detainer action.

In *River Stone*, we held that a defendant to an unlawful detainer action cannot raise defective title as a defense to possession.  199 Wn. App. at 95-97.  Similar to Gruca, the unlawful detainer defendant in *River Stone* argued on appeal that the trial court erred in issuing a writ of restitution due to allegations of a defective title and trustee's sale.[8]  199 Wn. App. at 95. We held that the *River Stone* defendant could not raise these claims in an unlawful detainer action because (1) "'unlawful detainer actions are not the proper forum to litigate questions of title'" and (2) the Deeds of Trust Act provided procedures for addressing alleged deficiencies in

---

[7] For example, Gruca alleges that (1) MERS was unlawfully named as beneficiary in the deed of trust, (2) MERS unlawfully assigned the deed of trust to The Bank of New York Mellon, and (3) The Bank of New York Mellon unlawfully foreclosed on the Clark County property at issue.

[8] The unlawful detainer defendant in *River Stone* specifically argued:
> (1) the promissory note was not properly assigned to the Trust, and therefore the Trust never obtained an interest in the note and had no lawful authority to foreclose on the property; (2) the appointment of the successor trustee was legally ineffective, and therefore the trustee lacked authority to engage in a foreclosure proceedings [sic]; and (3) the foreclosure and trustee's sale did not comply with the [Deeds of Trust Act's] procedural requirements.

199 Wn. App. at 95.

the foreclosure process. 199 Wn. App. at 96-97 (quoting *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 384, 353 P.3d 644 (2015)).

Because Gruca's claims do not concern the superior court's subject matter jurisdiction, and because the unlawful detainer action was not the proper forum to litigate alleged defects in title, Gruca cannot demonstrate that the superior court erred in issuing its writ of restitution order.

## IV.  PERSONAL PROPERTY DISPOSAL ORDER

Finally, Gruca appears to make two arguments that the superior court erred in entering its personal property disposal order, which order awarded labor and storage costs against him.

First, Gruca argues that the personal property disposal provisions of RCW 59.18.312 do not apply to purchasers of property at a trustee sale. In support of this argument, Gruca cites to our Supreme Court's decision in *Fannie Mae v. Steinmann*, 181 Wn.2d 753, 755, 336 P.3d 614 (2014), in which the court held that the attorney fees provisions available to a landlord under RCW 59.18.290(2) who obtains a writ of restitution against a holdover tenant were not applicable to a purchaser of property at a trustee sale. Our Supreme Court reasoned that the attorney fees provisions were not applicable under the circumstances because there was not a landlord-tenant relationship between the purchaser and occupant. *Steinmann*, 181 Wn.2d at 755. Although that case discussed only the attorney fees provisions of RCW 59.18.290(2), its reasoning is equally applicable here.

RCW 59.18.312 provides procedures by which a "landlord" may store, sell, or dispose of property left behind from a "tenant." Because by its plain language RCW 59.18.312 applies only to parties in a landlord-tenant relationship, it does not control the disposal of personal property

12

following a writ of restitution executed pursuant to RCW 61.24.060(1).  In contrast with RCW 59.18.312, RCW 61.24.060 does not impose any responsibility on a purchaser at a trustee's sale to store property under chapter 61.24 RCW.  On this point, the case of *Excelsior Mortg. Equity Fund II, LLC v. Schroeder*, 171 Wn. App. 333, 287 P.3d 21 (2012), is instructive.

In *Excelsior*, the purchaser at a trustee's sale elected to utilize portions of RCW 59.18.312, specifically the notice and sale provisions, to deal with personal property left behind following an unlawful detainer action under chapter 59.12 RCW.  171 Wn. App. at 336, 339, 342.  The *Excelsior* court expressly noted that chapter 59.12 RCW did not provide a procedure for the purchaser to dispose of the unlawful detainer defendant's property.  171 Wn. App. at 338. The *Excelsior* court further held that the provisions of chapter 59.18 RCW were not applicable. 171 Wn. App. at 338. The court nonetheless held that the trial court's approval of the purchaser's use of the chapter 59.18 RCW framework "did not stray beyond the trial court's narrow jurisdiction in an unlawful detainer action." 171 Wn. App. at 344.

Like the purchaser in *Excelsior*, here Nylund Homes sought court guidance on the disposal of Gruca's personal property.  Nothing in the superior court's order indicated that it was bound by the provisions of RCW 59.18.312 when ordering a procedure by which to dispose of Gruca's personal property, instead stating that "this Court has jurisdiction to enter this Order, and to authorize *a certain procedure* for disposition of Defendant's Personal Property remaining after execution of a Writ of Restitution."  CP at 345 (emphasis added).  Because the superior court had authority independent of RCW 59.18.312 to order a procedure by which to dispose of Gruca's personal property, Gruca fails to show error on this ground.

No. 50349-2-II

Second, Gruca argues in the alternative that the Superior Court erred by imposing storage costs in its personal property disposal order because Nylund Homes was required to store his personal property in a storage container left on the property, rather than store it at a storage facility. In support of this argument Gruca relies on language in RCW 59.18.312 (5)(e) stating that "'if the tenant or the tenant's representative objects to storage of the property, it will not be stored but will be placed on the nearest public property.'" Br. of Appellant at 14 (quoting RCW 59.18.312(5)(e)). Gruca asserts that his placement of a storage container on the property constituted an "objection" under RCW 59.18.312. But even if we were to accept that the placement of a storage container constituted an objection under RCW 59.18.312, that statute does not assist in Gruca's claim because, as addressed above, the statute is not applicable to writs of restitution entered following a trustee's sale.

Accordingly, we affirm the superior court's writ of restitution and personal property disposal orders.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J

We concur:

_____
Lee, J.

_____
Sutton, J.

14