[No. 63147-1-I.   Division One.   July 6, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL TURNER, *Appellant*.

708

*Andrew P. Zinner* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Richard A. Weyrich, Prosecuting Attorney*, and *Edwin N. Norton* and *Erik Pedersen, Deputies*, for respondent.

¶1 Cox, J. — The existence of a no-contact order that is in effect is an element of the crime of felony violation of that order.[1] A charge of violation of a no-contact order must be based on an "applicable" order.[2] Because Michael Turner fails to show that the trial court abused its discretion in admitting into evidence the no-contact order that he challenges, we affirm his conviction. For the reasons we discuss in the unpublished portion of this opinion, we remand with instructions to amend Turner's sentence.

¶2 In May 2008, a court entered a no-contact order against Turner that prohibited him from contacting his sister and others. While that order was in effect, police responded to a call from Turner's sister. They found him inside her residence and arrested him.

¶3 At the time, he had two prior convictions for violating the provisions of a protection order. The State charged him with felony violation of a domestic violence no-contact order.

¶4 Turner moved in limine to bar admission of the May 2008 no-contact order. He claimed that the placement of the

---

[1] *State v. Miller*, 156 Wn.2d 23, 24, 123 P.3d 827 (2005).

[2] *Id.* at 31-32.

legend required by RCW 10.99.040(4)(b) on the reverse side of the order failed to comply with that statute. The trial court denied the motion. Thereafter, Turner waived his right to a jury trial and stipulated to admission of the no-contact order and other documents. The trial court found him guilty as charged and sentenced him to 60 months of total confinement and 9 to 18 months of community custody.

¶5 Turner appeals.

## NO-CONTACT ORDER

*Assignment and Preservation of Error*

¶6 The State argues that Turner's failure to assign error to the trial court's decision to admit the no-contact order into evidence precludes our review. We disagree.

¶7 Rule of Appellate Procedure (RAP) 10.3(a)(4) requires "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." Turner's sole assignment of error is to the sufficiency of the evidence to convict. The sole issue that he states pertaining to that assignment is that the State failed to prove the existence of an applicable order based on the placement of the required legend on the reverse side of the order, not on the same side of the order as the judge's signature.

¶8 We construe the RAPs liberally to promote justice and facilitate the decision of cases on the merits.[3] "In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue."[4]

---

[3] RAP 1.2(a); *State v. Olson*, 126 Wn.2d 315, 318-19, 893 P.2d 629 (1995).

[4] *Olson*, 126 Wn.2d at 323.

¶9 Here, the nature of the appeal is clear. Both sides have argued the relevant issues, both in their briefs and at oral argument. The State fails to identify any prejudice to it by Turner's failure to assign error to the admission of the no-contact order. Significantly, whether no-contact orders such as this are applicable orders for a charge of felony violation of a domestic violence no-contact order is an issue of public importance. Turner's failure to assign error to admission of the no-contact order does not bar our review of the merits of this case.

¶10 The State also argues that Turner waived the right to appeal the admissibility of the no-contact order by stipulating to its admission after the court denied his motion in limine. We disagree because, as the trial court correctly observed, it is clear that Turner preserved this issue for review by his motion. His subsequent stipulation did not waive this claim.

### Applicable No-Contact Order

¶11 Turner claims that the May 2008 no-contact order is not "applicable" to the crime charged here, felony violation of a domestic violence no-contact order.[5] Specifically, he claims that the placement of the legend required by RCW 10.99.040(4)(b) on the reverse side of the order bars its admission into evidence. We hold that the court did not abuse its discretion in admitting this no-contact order.

¶12 A charge of violation of a no-contact order must be based on an "applicable" order.[6] "An order is not appli-

---

[5] RCW 26.50.110(5) states, "A violation of a court order issued under this chapter, chapter 7.90, former RCW 26.50.110(5) (2007), 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, chapter 7.90, former RCW 26.50.110(5) (2007), 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated."

[6] *Miller*, 156 Wn.2d at 31-32.

cable to the charged crime if it is not issued by a competent court, is not statutorily sufficient, is vague or inadequate on its face, or otherwise will not support a conviction of violating the order."[7] No-contact orders that are not applicable to the crime are not admissible.[8]

■ ¶13 We "will not disturb a trial court's rulings on a motion in limine or the admissibility of evidence absent an abuse of the court's discretion."[9] When a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons, an abuse of discretion exists.[10] A trial court's decision "is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard."[11] A decision is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.[12]

■ ■ ¶14 Turner relies on both RCW 10.99.040 and General Rule (GR) 14(a)—format for pleadings and other papers—to make his case.[13] Neither the statute nor the court rule supports his argument.

¶15 RCW 10.99.040(4)(b) states the requirements for a written no-contact order issued under previous subsections of the statute:

> The written order releasing the person charged or arrested *shall contain the court's directives and shall bear the legend:* "Violation of this order is a criminal offense under chapter 26.50 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. You can be arrested even if

---

[7] *Id.* at 31.

[8] *Id.*

[9] *State v. Powell,* 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

[10] *Id.*

[11] *In re Marriage of Littlefield,* 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

[12] *Id.*

[13] Brief of Appellant at 3-4; Reply Brief of Appellant at 3.

any person protected by the order invites or allows you to violate the order's prohibitions. You have the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order."[14]

¶16 All that is required under the plain words of this statute is that the no-contact order must "bear the legend." Nothing in this language prohibits the required legend from appearing on the reverse side of a no-contact order. Likewise, nothing in this language requires the legend to appear in any particular place in relation to the signature of the judge issuing the order.

¶17 Here, the no-contact order has two sides. The front side contains, among other things, a description of the order: "Order Prohibiting Contact Pursuant to RCW 10.99-.040/.045"; and identification of the persons protected by the order. The front side also contains a statement of what the defendant is prohibited from doing, a statement that the **"ORDER SHALL REMAIN IN EFFECT FROM THIS DATE UNLESS MODIFIED OR RESCINDED,"** and the signature of the judge issuing the order. It also appears that Turner's signature is near the bottom of this page, following the judge's signature.

¶18 At the top of the reverse side of the order, the following words appear: **"WARNINGS TO THE DEFEN-DANT."** Detailed explanations of the potential consequences of violating the order follow. Near the bottom of this side of the order the statutory legend appears in bold, capitalized type.

¶19 This no-contact order fulfills the requirement of the statute that it "shall bear the [statutory] legend." Because the statute is silent on the placement of the statutory legend, the placement of the legend on the reverse side of the order does not make the order inapplicable to the crime charged in this case. Likewise, the placement of the statutory legend on the reverse side of the page containing the judge's signature does not make the order inapplicable to

---

[14] (Emphasis added.)

the crime charged here. Nothing in the plain words of the statute requires placement of the statutory legend on the front of the order or in any particular location in relation to the judge's signature.

¶20 Turner next argues that GR 14 renders this no-contact order inapplicable to the felony charged here. This argument is also unpersuasive.

¶21 General Rule (GR) 14(a)—format for pleadings and other papers—states as follows:

> **Format Requirements.** All pleadings, motions, and other papers filed with the court shall be legibly written or printed. The use of letter-size paper (8-1/2 by 11 inches) is mandatory. *The writing or printing shall appear on only one side of the page.* The top margin of the first page shall be a minimum of three inches, the bottom margin shall be a minimum of one inch and the side margins shall be a minimum of one inch. All subsequent pages shall have a minimum of one inch margins. Papers filed shall not include any colored pages, highlighting or other colored markings. This rule applies to attachments unless the nature of the attachment makes compliance impractical.[15]

¶22 First, as we indicated earlier in this opinion, the relevant inquiry is whether the legislature intended that the statutory legend appear in any particular place on the no-contact order. As we have explained, the statute states that the order "shall bear the legend." While a no-contact order must meet this requirement to be valid,[16] there is nothing in the language of the statute requiring any specific placement of the legend. Specifically, the statute does not prohibit two-sided no-contact orders that contain the statutory legend on the reverse side of the order, as in this case.

---

[15] (Some emphasis added.)

[16] *See Miller*, 156 Wn.2d at 31 ("[I]ssues relating to the validity of a court order (such as . . . whether the order complied with the underlying statutes) are uniquely within the province of the court.").

For the same reasons, the placement of the legend here does not render the order inapplicable to the charged crime.[17]

¶23 Second, nothing in this statute refers, either expressly or impliedly, to the provisions of GR 14. Turner fails to persuade us that we should read into the statute, which expresses legislative intent, the words of GR 14, a court rule regarding formatting of documents. We decline to do so.

¶24 The State argues that GR 14(a), by its language, "applies to pleadings filed with the court, not [to] forms prepared by the court."[18] Citing a treatise, the State further argues that the rule was not intended to apply to documents generated by the court.[19]

¶25 Turner responds that the plain language of GR 14 makes no mention of excluding forms or other documents generated by courts. Thus, he contends that the rule does apply to the no-contact order in this case. We need not resolve these conflicting interpretations of the rule.

¶26 Even if we assume that GR 14(a) applies to this no-contact order, there is nothing either in this rule or elsewhere that indicates what remedies should apply where a violation of the rule occurs. Thus, it does not follow that exclusion of this evidence is required because this order may violate the rule. Failure to follow the formatting requirements of GR 14(a) does not, in our view, make the order inapplicable to the charged crime in this case. In short, the trial court's exercise of its sound discretion in deciding to admit this no-contact order as evidence, regardless of this rule, was correct.

¶27 Turner does not dispute that there is nothing in the record to show that he failed to see the statutory legend on the reverse side of this no-contact order. Nevertheless, he argues that the order is inapplicable to the charged felony

---

[17] *See id.* ("An order is not applicable to the charged crime if it . . . is not statutorily sufficient.").

[18] Respondent's Brief at 11.

[19] *Id.* at 12 (citing 2 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE, GR 14 author's cmt. 1, at 35 (6th ed. 2004)).

because the order does not conspicuously display that legend.

¶28 This claim is based exclusively on civil cases where courts have required exculpatory provisions in contracts to be conspicuous in order to be enforceable.[20] Turner has not cited any Washington case that holds that text on the reverse side of a document containing text on both sides is inconspicuous solely on that basis. But there are cases in other jurisdictions that hold, in the context of the Uniform Commercial Code, that a disclaimer on the reverse side of a two-sided document may be ineffective if there is nothing on the front side calling attention to information on the reverse.[21]

¶29 Turner urges us to conclude that these contract principles bar admissibility of the no-contact order in this criminal case. We conclude that they do not.

¶30 First, Turner does not claim that he failed to see the legend on the reverse side of the order. And there is nothing in the record to support such an argument had he made it.

¶31 Second, the legend on the reverse side of the no-contact order is capitalized and in bold type. It appears at

---

[20] *See Chauvlier v. Booth Creek Ski Holdings, Inc.*, 109 Wn. App. 334, 341-42, 35 P.3d 383 (2001) (release of liability in ski pass agreement sufficiently conspicuous because it was not hidden within part of a larger agreement, had a clear title, key words were set off in capital letters, and there was no evidence that plaintiff was rushed to sign the agreement); *Baker v. City of Seattle*, 79 Wn.2d 198, 484 P.2d 405 (1971) (disclaimer in golf cart rental agreement was not conspicuous because it was contained in the middle of the agreement, was in the same size print as the body of the agreement, and would have been observed only by reading the entire agreement); *Nelson v. Southland Corp.*, 78 Wn. App. 25, 894 P.2d 1385 (1995) (finding no genuine issue of material fact whether disclaimers in employment manual were communicated to plaintiff where the disclaimers appeared at the beginning of two policy documents and in a variety of other documents provided to plaintiff, including two that the plaintiff had signed directly below the disclaimer).

[21] *See, e.g., Ford Motor Credit Co. v. Harper*, 671 F.2d 1117, 1123 n.7 (8th Cir. 1982) (disclaimer provision was inconspicuous and therefore ineffective where it appeared on the back of the page in small type (applying Arkansas law)); *Winter Panel Corp. v. Reichhold Chems., Inc.*, 823 F. Supp. 963, 973 (D. Mass. 1993) (warranty and damages limitations clauses appearing on back of invoices were not inconspicuous because clear notice of such clauses appeared on the front of the document and advised buyer to see the reverse side; additionally, the disclaimers had bold and capitalized headings).

the bottom of a page that begins with the following words in bold capitals: "**WARNINGS TO THE DEFENDANT**." These words are followed by detailed warnings to the defendant of the potential consequences of violating the order. The type on this side of the order appears to be either of the same size or larger than the type on the front of the order.

¶32 We acknowledge that the front of this no-contact order does not refer to the statutory legend on the reverse side. The front side of the order makes no reference to the reverse side at all. The better practice would have been for the front of this order to contain a reference calling attention to the legend on the reverse side. Had there been such a reference on the front side of this order, Turner's argument would have even less force.

¶33 More importantly, as we explained earlier in this opinion, the validity of this order is not at issue. The order conforms to the statutory requirement that it must "bear the legend." The question we must decide is whether the order is applicable to the felony charged in this case.

¶34 Under *State v. Miller*,[22] "[a]n order is not applicable to the charged crime if it is not issued by a competent court, is not statutorily sufficient, is vague or inadequate on its face, or otherwise will not support a conviction of violating the order."[23] Whether this order is inapplicable because the statutory legend is allegedly inconspicuous does not fall into any of these first three examples stated in *Miller*. Thus, we must decide whether this order "otherwise will not support" Turner's conviction. We conclude that the order does not fall into this category.

¶35 The order must "bear the legend." It does so. A person's alleged failure to see the statutory legend on a no-contact order does not affect any element of the crime charged in this case. Former RCW 26.50.110 (2007), provides, in relevant part,

---

[22] 156 Wn.2d 23, 123 P.3d 827 (2005).

[23] *Id.* at 31.

(1)(a) Whenever an order is granted under . . . chapter . . . 10.99 . . . and the respondent or person to be restrained knows of the order, a violation [of the order is a class C felony as provided in subsection (5)].

. . . .

(5) A violation of a court order issued under . . . chapter . . . 10.99 . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter [or] chapter . . . 10.99 . . . . The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.

¶36 The accused's knowledge of the contents of the statutory legend that advises of possible consequences for violation of a no-contact order is not an element of the crime of felony violation of that order. Thus, on this record, we cannot say that the placement of the legend on the reverse side of the no-contact order made that order inapplicable to the charged crime of felony violation of the no-contact order. The trial court did not abuse its discretion in admitting this no-contact order.

¶37 To summarize, this no-contact order is statutorily sufficient. GR 14(a) does not affect the applicability of this order for the crime charged in this case. The better practice is for a two-sided no-contact order to have a reference on the front side to a statutory legend placed on the reverse side of the order. Assuming without deciding that the legend on this no-contact order is inconspicuous, the admission of this order was not an abuse of discretion.

¶38 We affirm the conviction but remand with instructions to amend the sentence.

¶39 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

SCHINDLER and SPEARMAN, JJ., concur.