IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, | ) ) ) | No. 37129-8-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| OKANOGAN COUNTY, | ) ) ) | |
| Respondent. | ) | |

FEARING, J. — This appeal concerns one of endless broken promises by American government authorities toward Native Americans. The breach of an agreement in this instance also encompasses a violation of a court order.

The Confederated Tribes and Bands of the Yakama Nation (Yakama Nation) agreed to dismiss a lawsuit against Okanogan County, and, in return, the county agreed to adopt, by December 31, 2018, a new comprehensive plan and zoning ordinance that hopefully addressed the concerns the Nation had about the county's current plan and ordinance. The superior court signed an order of dismissal without prejudice of the lawsuit, which order incorporated the many promises of the parties. When Okanogan

County failed to adopt a new plan and ordinance by December 31, 2018 and thereby violated the court order, the Yakama Nation moved to vacate the order of dismissal. The superior court denied the motion to vacate on the alternative grounds that it lacked authority to vacate an order of dismissal without prejudice and that the Nation had no sustainable cause of action against the county for breaching its promises or violating the court order. Because the order of dismissal without prejudice imposed numerous obligations on Okanogan County, some of which it has disobeyed, we rule that the motion to vacate should have been granted. We thus reverse the superior court.

FACTS

Our facts principally cover the procedural history behind a dispute between the Yakama Nation and Okanogan County concerning the legal legitimacy of the county's comprehensive plan and zoning code. On August 15, 2016, the Yakama Nation sued Okanogan County and alleged that the county's comprehensive plan, zoning code, and other actions violated the State Environmental Policy Act (SEPA) chapter 43.21C RCW, the Growth Management Act (GMA) chapter 36.70A RCW, and the Planning Enabling Act of the State of Washington (PEA) chapter 36.70 RCW. This 2016 suit is the case now on appeal.

Less than one year later, the Yakama Nation and Okanogan County reached a resolution of the lawsuit. The county agreed to adopt a new comprehensive plan and zoning ordinance, with input from the Nation, by the end of 2018, and the Nation agreed

2

to dismiss its suit without prejudice. On March 20, 2017, the Yakama Nation and

Okanogan County executed a stipulated agreement and order of dismissal without

prejudice in the lawsuit. The stipulated agreement read, in part:

> 1. This Stipulation is made for the dismissal of the above-captioned action, which concerns [Okanogan County's zoning ordinance]. The dismissal is made *without prejudice to any future claims* or defenses by any Party in any subsequent proceeding that concerns the Zoning Ordinance (either in its present form, or as amended), or any associated environmental review. This includes, without limitation, any *future claims* based on Okanogan County's ("County") actions or failures to act.
> 2. Within sixty (60) days from the date of the execution of this Stipulation and associated Order, the County shall take all necessary action(s) to initiate a review of:
> a. Okanogan County's Comprehensive Plan. . . ; and
> b. Okanogan County's [zoning ordinance] . . . ; and
> c. The environmental review of the Comprehensive Plan and the Zoning Ordinance under Washington's State Environmental Policy Act and applicable county ordinances. Such environmental review shall be "ab initio" to the commencement of the environmental review process leading to the adoption of the current Comprehensive Plan and Zoning Ordinance, meaning that any conclusions drawn in prior environmental review documents shall be open to new review in any subsequent proceeding.
> 3. In conducting its reviews of the Comprehensive Plan and Zoning Ordinance, the County hereby affirms its intention to give serious consideration to all issues raised by the Yakama Nation, along with any issues raised by the general public, other governments, or County staff or officials.
> 4. During the County's review of its Comprehensive Plan and Zoning Ordinance, the County will continue to process land use permits and other development applications under the applicable County ordinances presently in place, and as amended. Plaintiff reserves any rights it may have to appeal any land use permit or development application determinations made by the County under such ordinances[.] . . . The County agrees to promptly implement an online, public permit tracking system identifying all land use applications as received, and any associated decisions or scheduled hearings.

5. *No later than December 31, 2018, the County shall take final legislative action(s) to (a) repeal, in their entirety, the current Comprehensive Plan . . . and current Zoning Ordinance . . . , and (b) adopt a new Comprehensive Plan and new Zoning Ordinance. . . .* The County's obligation to repeal in full the current Comprehensive Plan and Zoning Ordinance, and to take final legislative action to adopt a new Comprehensive Plan and Zoning Ordinance, is intended by the Parties to avoid any and all prejudice or limitation to the Parties' *future claims* and defenses; and *shall not be interpreted to obligate the County to make any specific changes or updates* to the Comprehensive Plan or Zoning Ordinance.

Clerk's Papers (CP) at 37-39 (emphasis added).

The parties appended an order of dismissal without prejudice to the stipulated agreement. The order went beyond the standard order of dismissal and copied much of the language from the stipulated agreement. The order signed by the court read in part:

Pursuant to the foregoing Stipulation and under the authority of Civil Rule 41(A), the Court hereby:
ORDERS that the above-entitled action is DISMISSED in its entirety, without prejudice and without costs as to any party; and
ORDERS that the forgoing Stipulation preserves certain rights to the Parties, which shall be protected for all Parties for all purposes; and
ORDERS that within sixty (60) days from the date of the execution of this Order of Dismissal, the County shall lake all necessary action(s) to initiate a review of:
(1) Okanogan County's Comprehensive Plan; and
(2) Okanogan County Code Title 17A; and
(3) An "*ab initio*" environmental review of each under Washington's State Environmental Policy Act and applicable County ordinances; and
ORDERS that, *no later than December 31, 2018, the County shall take final legislative action(s) to (a) repeal, in their entirety, the current Comprehensive Plan and Zoning Ordinance . . . , and (b) adopt a new Comprehensive Plan and new Zoning Ordinance. . . ;* and
ORDERS that the County may continue to process land use permits and development applications under applicable County ordinances, as

4

> presently in place or as may be amended through the legislative process, without prejudice to any associated claims of any Party.

CP at 41 (emphasis added).

Okanogan County failed to adopt a new comprehensive plan and zoning ordinance by December 31, 2018. The County also failed to implement a public tracking system to identify received land use petitions, petition hearing dates, and related decisions as required under the stipulation. The county asserts that it has engaged in good faith efforts to enact a new plan and ordinance.

PROCEDURE

On July 10, 2019 and as a result of Okanogan County's failure to comply with the 2017 agreement's and order of dismissal's deadlines, the Yakama Nation filed a motion, in this 2016 suit, to vacate the March 21, 2017 order of dismissal. The motion also sought to reinstate the 2016 lawsuit, procure a new order requiring compliance with the 2017 stipulated order of dismissal, hold the county in contempt, impose sanctions against Okanogan County, and grant reasonable attorney fees and costs to the Nation. In its motion, the Yakama Nation argued that the stipulated commitments by Okanogan County were essential to the Nation's earlier dismissal of this case. The Nation contended that a party's failure to perform a material condition of an agreement that serves as the basis for an order of dismissal constitutes an extraordinary circumstance that justifies vacature of the order under CR 60(b)(6) and (11).

In response to the Yakama Nation's motion to vacate the order of dismissal and for contempt, Okanogan County emphasized that, although it did not meet the deadlines for adopting a new comprehensive plan and zoning ordinance, the county diligently worked to complete the tasks. Okanogan County, in turn, argued that the Nation lacked a cause of action against the county since no justiciable controversy existed when the county continued to process revisions to its plan and ordinance. The county asked the superior court to deny the motion to vacate because a valid underlying cause of action is a condition for vacation under RCW 4.72.050.

In a declaration opposing the motion to vacate, Perry Huston, former director of the Okanogan County Office of Planning and Development, conceded that the county failed to meet the December 31, 2018 deadline, but he averred the county continued to finish the tasks required in the stipulation agreement. Huston concluded that Okanogan County worked "as quickly as reasonably possible." CP at 104. The declaration is long on the steps taken by Okanogan County, but does not explain why the county could not have completed individual steps quicker. Huston avowed that the county kept the Yakama Nation informed of its progress in adopting a new comprehensive plan and zoning ordinance.

In his declaration, Perry Huston stated that Okanogan County anticipated adopting the new comprehensive plan at the end of 2019 or early 2020. The adoption of the new zoning ordinance would follow shortly thereafter. Okanogan County still has not adopted

6

a new ordinance or plan.

At the conclusion of an August 12, 2019 hearing, the trial court denied the Yakama Nation's CR 60 motion to vacate the 2017 order of dismissal. The court observed that, rather than earlier staying the action, the Yakama Nation chose to dismiss the case. The court emphasized that the order of dismissal contained no language reserving the right to enforce its terms by vacating the dismissal. The trial court reasoned that the Nation could institute a separate lawsuit to gain relief for any alleged violation of the 2017 agreement.

The Yakama Nation filed a motion for reconsideration. The Nation argued that the trial court retained "jurisdiction" to enforce settlement terms and the terms of its own orders despite an order of dismissal. In response, Okanogan County repeated its contention that the Yakama Nation failed to show a meritorious underlying cause of action as demanded under CR 60 and RCW 4.72.050 because no "justiciable" dispute existed between the parties.

The trial court entertained argument on the motion for reconsideration. At the conclusion of oral argument, the trial court denied the motion for reconsideration because the 2017 order of dismissal precluded further proceedings within the same suit. The court commented that it possessed jurisdiction, but agreed with Okanogan County's position that the Nation presented no justiciable dispute because the county continued to work toward adoption of new comprehensive plan and zoning ordinance.

7

LAW AND ANALYSIS

On appeal, the Yakama Nation repeats its contention that the superior court should have vacated the 2017 order of dismissal and enforced the substantive portions of the dismissal order. In turn, Okanogan County maintains that the Nation possesses no valid cause of action, a condition precedent to vacation of the order. The county conflates this argument with the contention that it has not violated the March 2017 agreement and order by failing to adopt a new comprehensive plan and a zoning ordinance by December 31, 2018, because the county has worked in good faith to complete both. Okanogan County also asks this court to decline review of the Nation's appeal because the Nation failed to assign error to the trial court's ruling that no justiciable dispute lay before the court.

Preservation of Error

We first analyze whether we should address the substance of the Yakama Nation's contention that the superior court should have vacated the 2017 order of dismissal. In its appeal brief, the Yakama Nation penned one assignment of error:

> The Superior Court erred in entering the order of August 12, 2019, denying the Yakama Nation's Motion to Vacate Order of Dismissal, entered on March 21, 2017.

Br. of Appellant at 5. In turn, the Nation framed the sole issue on appeal as:

> The Superior Court issued an Order of Dismissal incorporating the material terms of a stipulated settlement agreement between the Yakama Nation and Okanogan County. Okanogan County violated the terms of the Order of Dismissal and the associated settlement agreement. *Does a court*

8

> *retain jurisdiction* to enforce its own orders after dismissal when the terms of the order are unquestionably violated?

Br. of Appellant at 5 (emphasis added).

Okanogan County contends the primary, if not sole, issue on appeal is whether a justiciable issue between the parties exists. The county asserts that the Yakama Nation's framing of the issue as one of jurisdiction does not raise an assignment of error with regard to justiciability, particularly when the superior court ruled that it held subject matter jurisdiction to address the motion to vacate. The county maintains that the Nation failed to comply with RAP 10.3, which requires an assignment of error for each alleged mistake of the trial court.

RAP 10.3 declares, in relevant part:

> **(a) Brief of Appellant or Petitioner.** The brief of the appellant or petitioner should contain under appropriate headings and in the order here indicated:
> . . . .
> (4) *Assignments of Error*. A separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error.

We decline to dismiss the Yakama Nation's appeal based on RAP 10.3(a)(4).

We construe the rules of appellate procedures liberally to promote justice and facilitate the decision of cases on the merits. RAP 1.2(a); *State v. Olson*, 126 Wn.2d 315, 318, 893 P.2d 629 (1995); *State v. Turner*, 156 Wn. App. 707, 711, 235 P.3d 806 (2010). We promote substance over form. *State v. Olson*, 126 Wn.2d 315, 318. When the nature

9

of the appeal is clear and when the parties submit argument to the relevant issues in the body of the brief so that the respondent suffers no prejudice, this court should exercise its discretion to consider the merits of the case or issue. *State v. Olson*, 126 Wn.2d 315, 318 (1995); *State v. Turner*, 156 Wn. App. 707, 711 (2010).

The briefing of the parties addresses the critical issues of this appeal and the Yakama Nation's contentions with regard to those issues. The Nation contends that it can enforce the 2017 stipulated agreement and the order of dismissal. The Yakama Nation further argues that the trial court continued to possess authority to enforce the terms of the order of dismissal, despite the language in the order dismissing the suit without prejudice. These contentions relate to the Nation's assignment of error that the court erred when refusing to grant the Nation's motion to vacate.

The Nation framed the issue on appeal as one of jurisdiction, although the trial court based its decision, in part, on justiciability. Nevertheless, as we examine later, the Washington Supreme Court has often confused or conflated the two concepts and declared that a court lacks jurisdiction unless the parties present a justiciable issue. *Washington Education Association v. Washington State Public Disclosure Commission*, 150 Wn.2d 612, 622, 80 P.3d 608 (2003); *High Tide Seafoods v. State*, 106 Wn.2d 695, 702, 725 P.2d 411 (1986); *Alim v. City of Seattle*, 14 Wn. App. 2d 838, 847-50, 474 P.3d 589 (2020). The Yakama Nation's confusing of justiciability with jurisdiction has

harmed Okanogan County none.  The county has understood and fully responded to the contentions of the Nation.

## Justiciable Dispute

The trial court, at least in response to the Yakama Nation's motion for reconsideration, ruled that no justiciable dispute lay before it.  The court based the absence of justiciability on the fact that the Nation could not sustain a cause of action against Okanogan County because the county continued to work toward the adoption of a comprehensive plan and a zoning ordinance.  Presumably, based on this theory, the trial court would also dismiss any separate action brought by the Yakama Nation to enforce the March 2017 agreement.  In turn, Okanogan County, on appeal,  devotes much of its brief in support of affirming the trial court's ruling that no justiciable controversy existed before the trial court because the county is in the midst of revising its comprehensive plan and zoning ordinance.  The county characterizes the Yakama Nation's motion to vacate as an interlocutory challenge to its governmental process.

Okanogan County cites *Save Our Scenic Area v. Skamania County*, 183 Wn.2d 455, 352 P.3d 177 (2015) and *State ex rel. Friend & Rikalo Contractor v. Grays Harbor County*, 122 Wn.2d 244, 857 P.2d 1039 (1993) for the proposition that one cannot challenge a government entity's processing of ordinances and plans until a final adoption of the plan or ordinance.  Those cases support the proposition for which the county cites them.  Nevertheless, none of the decisions address the question pending before this court.

11

In the cited decisions, none of the government entities had entered a contract agreeing to adopt a comprehensive plan or a zoning ordinance by a definite deadline. In the cited cases, no superior court had ordered the government entity to adopt a comprehensive plan or zoning ordinance by a certain date. Okanogan County presents no decision that concludes no justiciable issue exists when a party seeks to enforce an agreement or a court order, under which a municipality agreed to adopt a comprehensive plan or an ordinance by an established deadline.

The plaintiff must present the court a justiciable claim. A justiciable controversy means (1) one presenting an actual, present, and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) involving interests that are direct and substantial, rather than potential, theoretical, abstract, or academic, and (4) of which a judicial determination will be final and conclusive. *Diversified Industries Development Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973); *Alim v. City of Seattle*, 14 Wn. App. 2d 838, 847 (2020). A current dispute exists between Okanogan County and the Yakama Nation as to whether the Nation may gain relief because of the county's failure to abide by the 2017 agreement and order of dismissal and as to whether the Nation may vacate the order of dismissal without prejudice. Okanogan County and the Yakama Nation have genuine, direct, and opposing interests. The superior court can grant a conclusive ruling regardless of whether

12

Okanogan County continues to work toward adopting a comprehensive plan and zoning ordinance.

The superior court need not have employed the doctrine of justiciability to issue its second ruling that Okanogan County's continued work on a comprehensive plan and zoning ordinance precluded vacation of the 2017 order of dismissal. We view the ruling as one that denied the Yakama Nation's motion to vacate the order of dismissal because the Nation lacked a viable cause of action on the merits against Okanogan County. We now proceed to decide whether a party, who reaches an agreement with a county for the adoption of a comprehensive plan or zoning ordinance by a certain deadline, may enforce the agreement if and when the county fails to adopt the plan and ordinance by the due date. We also proceed now to decide whether a party may enforce a court order that compels a municipal corporation to adopt a comprehensive plan and zoning code by an established date. We later decide whether the Nation may enforce its rights in this 2016 lawsuit when the superior court earlier dismissed the suit without prejudice, or, conversely, whether it must file a second suit.

Breach of Contract and Violation of Court Order

In the March 20, 2017 agreement between the Yakama Nation and Okanogan County, the county agreed to, no later than December 31, 2018, take final legislative action to repeal the current comprehensive plan and zoning ordinance and adopt a new comprehensive plan and zoning ordinance. This duty, however, did not obligate the

13

county to make any specific changes to the present plan or ordinance. The undisputed facts establish that Okanogan County breached the agreement. To date, the county has yet to adopt a new comprehensive plan and zoning ordinance.

Okanogan County emphasizes the testimony of its former planning official Perry Huston that the county has engaged in ongoing and serious efforts to repeal and replace the comprehensive plan and zoning code. The county may thereby impliedly argue that diligent efforts excused its nonperformance of the agreement terms. Nevertheless, Okanogan County does not expressly forward this argument, provide legal authority in support of the argument, or analyze the facts in light of court decisions. Nor does the county argue that it lacked authority to enter into the 2017 agreement.

Although Okanogan County does not argue the point, we recognize that a county may not contract away the prerogative to render decisions on the content of county-wide planning policies and comprehensive plans. *City of Burien v. Central Puget Sound Growth Management Hearings Board*, 113 Wn. App. 375, 388 n.13, 53 P.3d 1028 (2002). This rule follows the general principle that no municipal government has the power to make contracts that control or limit it in the exercise of its legislative powers and duties, including adoption of planning and zoning rules. *Neeman v. Town of Warwick*, 184 A.D.3d 567, 570, 125 N.Y.S.3d 143 (2020); *Wallingford v. Moab City*, 2020 UT App 12, 459 P.3d 1039, 1046, *cert. denied*, 466 P.3d 1073 (Utah 2020). The test to determine if the municipality lacks authority to enter a contract is whether the

agreement commits the municipality to a specific course of action with respect to the legislative action. *Neeman v. Town of Warwick*, 184 A.D.3d 567, 570 (2020).

The agreement between Okanogan County and the Yakama Nation did not obligate the county to any particular content in its new comprehensive plan or zoning ordinance. Instead, the county reserved the right to exercise its discretion in adopting the plan or ordinance. Thus, the 2017 agreement did not conflict with any restriction on a county's prerogative in adopting the contents of planning and zoning polices.

We also note that, while the March 2017 written agreement does not expressly provide that time is of the essence, a delay in performance may be adjudged not to be a material breach depending on the surrounding circumstances. *Cartozian & Sons, Inc. v. Ostruske-Murphy, Inc.*, 64 Wn.2d 1, 5-6, 390 P.2d 548 (1964). But Okanogan County does not contend such circumstances exist here. The county has fallen two years behind schedule and has not even complied with the schedule that its former official planner set in his declaration opposing the Yakama Nation's motion to vacate. We observe that the county possessed intimate knowledge of the process of and time required for preparing and passing a comprehensive plan and zoning code when it entered the 2017 agreement. The county could have refused to enter the agreement if it did not consider the deadline realistic.

Throughout its briefing, Okanogan County ignores that, in addition to its signing of an agreement in 2017, the superior court entered an order demanding that the county

adopt a comprehensive plan and zoning ordinance by December 31, 2018. Yakama Nation's case does not simply concern the breach of a contract, but also violation of a court order. During oral argument, Okanogan County conceded that it has violated the order. Wash. Court of Appeals oral argument, *Confederated Tribes and Bands of the Yakama Nation v. Okanogan County*, No. 37129-8-III (Dec. 9, 2020), at 16 min., 02 sec. to 16 min., 10 sec. (on file with court). The county also conceded that no language in the order excused its breach of the deadline if it works with due diligence. Wash. Court of Appeals oral argument, *supra*, at 16 min., 35 sec. to 17 min., 10 sec.

We expect municipal corporations to obey court orders, just as we expect private citizens to comply with court orders. If Okanogan County deemed it needed more time to meet the December 31, 2018 deadline, the county could have and should have requested, before the end of 2018, the court to modify the order. Instead, Okanogan County has flouted the order. Even assuming Okanogan County lacked authority to enter the 2017 agreement, no decision suggests that a party cannot enforce a court order that compels a government entity to adopt a land use plan or ordinance by a firm date.

## Subject Matter Jurisdiction

We next consider whether a trial court may grant a motion vacating an order of dismissal after the plaintiff voluntarily dismissed lawsuit claims without prejudice. The Yakama Nation phrases this question in terms of whether the trial court retained jurisdiction to enforce the terms of the order of dismissal. Since the Nation sued in

Okanogan County Superior Court and Okanogan County's principal place of business is Okanogan County, the court possessed personal jurisdiction over both parties. Thus, the Nation must refer to subject matter jurisdiction.

We conclude that the question of whether the superior court can enforce the 2017 order of dismissal does not implicate subject matter jurisdiction of the court. Recent decisions of the United States Supreme Court, the Evergreen State Supreme Court, and this court have recognized confusion resulting from earlier courts' use of the word "jurisdiction" or the phrase "subject matter jurisdiction" to extend to concepts other than subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); *Marley v. Department of Labor & Industries*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994); *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 208, 258 P.3d 70 (2011). In other settings, the United States Supreme Court has employed colorful language about "profligate" courts misusing the concept of subject matter jurisdiction and engaging in "'drive-by jurisdictional rulings'" about subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-11, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Subject matter jurisdiction simply refers to the court, in which a party files a suit or a motion, being the correct court for the type of suit or character of a motion. The critical concept in determining whether a court has subject matter jurisdiction is the "type of controversy." *Marley v. Department of Labor & Industries*, 125 Wn.2d at 539; *In re Marriage of McDermott*, 175 Wn. App. 467, 480-81, 307 P.3d

17

717 (2013). If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction. *Marley v. Department of Labor & Industries*, 125 Wn.2d at 539; *In re Estate of Reugh*, 10 Wn. App. 2d 20, 48, 447 P.3d 544 (2019), *review denied*, 194 Wn.2d 1018, 455 P.3d 128 (2020).

The Yakama Nation seeks to enforce a settlement agreement confirmed by a court order entered by the Okanogan County Superior Court. In order to enforce the settlement, the Nation filed a motion to vacate the order of dismissal without prejudice. The pending motion is the type of motion to be heard by the county superior court. Thus, the Okanogan County Superior Court held jurisdiction. The original order of dismissal had been entered by the superior court. Whether the law authorizes the trial court to vacate an order of dismissal without prejudice in order to enforce its terms is a distinct question not implicating jurisdiction.

Motion to Vacate Order of Dismissal

Whether the superior court should have granted the motion to vacate involves two discrete questions. First, may a court vacate a voluntary order of dismissal? Second, has the Yakama Nation presented sufficient grounds for vacature under CR 60? We conflate the two questions. We answer both in the affirmative.

The Yakama Nation relies on subsections 6 and 11 of CR 60(b) when asking to vacate the order of dismissal without prejudice. CR 60 reads, in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.  On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(6) it is no longer equitable that the judgment should have prospective application;

. . .; or

(11) Any other reason justifying relief from the operation of the judgment.

(Boldface omitted.)

In turn, Okanogan County principally relies on RCW 4.72.050, when arguing that the trial court correctly denied the motion to vacate because the Yakama Nation lacked a meritorious claim against the county.  The statute reads in part:

The judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action.

We have already ruled that the Nation possess a valid cause of action.

A proceeding to vacate a default judgment is equitable in character and relief is to be afforded in accordance with equitable principles.  *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979).  The trial court should exercise its authority liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done.  *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d at 582; *White v. Holm*, 73 Wn.2d 348, 351, 438 P.2d 581 (1968).

19

We review a trial court's ruling under CR 60(b) for an abuse of discretion. *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). A trial court abuses its discretion when applying the wrong legal standard. *Gilmore v. Jefferson County Public Transportation Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018). Here the superior court applied the wrong legal standard when ruling that no justiciable issue was before it and, as concluded later, when ruling that the Yakama Nation needed to file a separate action to enforce the 2017 settlement agreement and court order. We agree with the Yakama Nation that the circumstances of Okanogan County's breach of the settlement agreement and defying the 2017 court order call for the application of equity and present other justifiable reasons for vacating, under CR 60(b)(6) and (11), the order of dismissal without prejudice.

A party may vacate an order of dismissal in order to enforce the terms of a settlement agreement or in order to enforce conditions of the order of dismissal. *Condon v. Condon*, 177 Wn.2d 150, 157, 298 P.3d 86 (2013). A court retains the inherent authority to enforce its own orders. *Condon v. Condon*, 177 Wn.2d 150, 160. The courts prefer that the party seek to vacate the order in the same litigation rather than subjecting the courts to separate actions in order to enforce the settlement, on which the parties based the dismissal. *Condon v. Condon*, 177 Wn.2d 150, 158. Jurisdiction may exist following dismissal of a settlement in order to protect the court's proceedings and vindicate the court's authority. *Condon v. Condon*, 177 Wn.2d at 158.

20

In *Condon v. Condon*, the Washington Supreme Court followed the United States

Supreme Court's enunciation of federal law with regard to vacations of orders of

dismissal. In *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375,

381, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), the Court wrote:

> [I]f the parties' obligation to comply with the terms of the settlement
> agreement had been made part of the order of dismissal—either by separate
> provision (such as a provision "retaining jurisdiction" over the settlement
> agreement) or by incorporating the terms of the settlement agreement in the
> order. In that event, a breach of the agreement would be a violation of the
> order, and ancillary jurisdiction to enforce the agreement would therefore
> exist.

In *Condon v. Condon*, 177 Wn.2d 150 (2013), the court addressed whether the

trial court retained jurisdiction to enforce a settlement after a stipulated dismissal of

claims. Vanessa Condon and Fely Condon agreed, in open court, to terms which would

resolve Vanessa's claims against Fely. The parties never placed the terms in writing,

however. They executed a stipulated settlement and order of dismissal, and the trial court

entered an order dismissing Vanessa's claims against Fely with prejudice. Fely sent

Vanessa a receipt and release of claims form which Vanessa refused to sign. Fely

brought a post-dismissal motion to enforce the settlement and require the signing of the

receipt and release. Vanessa responded that she never agreed to sign a release as part of

the settlement and, further, the order of dismissal with prejudice ended all litigation. The

trial court agreed with Fely that a release should be required as part of the settlement. It

entered an order deeming the release signed.

On review, in *Condon v. Condon*, Vanessa Condon argued to the Supreme Court that a dismissal with prejudice ends all litigation and removes a court's jurisdiction over the matter. Our high court acknowledged that "a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits." *Condon v. Condon*, 177 Wn.2d at 158 (quoting *Hawk v. Branjes*, 97 Wn. App. 776, 782, 986 P.2d 841 (1999)). The court also observed that the "best practice" is for a trial court to "expressly retain jurisdiction for purposes of enforcement or to enter a conditional or delayed dismissal." *Condon v. Condon*, 177 Wn.2d at 161. In circumstances when that does not occur, however, a party can move to vacate the original dismissal under appropriate grounds and bring a motion to reinstate and enforce the settlement. In the alternative, the party may file a separate action.

The Yakama Nation may have improved its legal position by inserting language into the 2017 order of dismissal that the court retained authority to enforce the terms of the order. Nevertheless, because of the detailed and extensive provisions of the order that imposed duties on Okanogan County, we conclude, based on precedent, that the court may vacate the dismissal order for purposes of enforcing the order's provision and the parties' contract.

Other Washington decisions support our ruling. In *Vaughn v. Chung*, 119 Wn.2d 273, 283, 830 P.2d 668 (1992), our state high court held that a trial court retained jurisdiction to consider a motion to vacate an involuntary order of dismissal, without

prejudice, for want of prosecution under CR 41(b)(2). The court observed that case law from other states as well as federal case law supported this conclusion.

*In re Marriage of Thurston*, 92 Wn. App. 494, 963 P.2d 947 (1998) dealt with the vacation of a decree. Former spouses, Martyna Mandel and Robert Thurston, each appealed the trial court's entry of a 1995 decree characterizing and dividing their property. The trial court entered the 1995 decree after partially vacating an earlier 1989 decree. The 1989 decree was based on a settlement between Mandel and Thurston that had been read into the record. Pursuant to the settlement, Mandel was to receive two units of a limited partnership. Mandel moved to vacate the decree under CR 60(b)(11) because she never received the partnership units. The trial court granted the motion to vacate and thereafter entered a new decree.

On appeal, in *In re Marriage of Thurston*, this court considered whether extraordinary circumstances existed, under CR 60(b)(11), to vacate the 1989 decree. This court observed that, at the time of the 1989 decree, the trial court and counsel for each side believed that the transfer was a requirement for settlement, and, absent transfer of the units, settlement would not occur. Accordingly, the condition was a material condition of the parties' settlement. Thus, the trial court did not err by setting aside the decree under CR 60(b) because of the extraordinary circumstances of a material condition of the parties' decree failing.

Finally, *Keeling v. Sheet Metal Workers International Association, Local Union 162*, 937 F.2d 408 (9th Cir. 1991), supports the position that the trial court should vacate an order of dismissal, under CR 60(b)(6), when one party breaches an agreement on which the parties based the dismissal.

The Yakama Nation wished to challenge the current comprehensive plan and zoning ordinance of Okanogan County when it filed its 2016 suit. The Nation would not have dismissed its suit without the county agreeing to vacate the plan and ordinance and adopt a new plan and ordinance, with input from the Nation. Compliance with the court order was a condition to dismissing the suit.

Okanogan County argues that the Yakama Nation's cited authority pertains to motions to vacate default judgments, not motions to vacate voluntary dismissals. We disagree. The decisions we review involved orders of dismissal. Also, Okanogan County cites no case wherein the appeals court ruled that the trial court lacked authority to enforce substantive terms of an order of dismissal without prejudice when one of the parties to the order breaches its terms.

Cases relied on by the trial court include *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 200 P.3d 683 (2009) and *State v. Taylor*, 150 Wn.2d 599, 80 P.3d 605 (2003). In *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 492, our high court concluded that a voluntary dismissal is not a final judgment as contemplated under RCW 4.84.330, a statute that affords reasonable attorney fees and costs to a party when a

24

contract allows the award. The Supreme Court reasoned, that, unlike a final judgment, a voluntary dismissal leaves the parties as if the action had never been brought.

In *State v. Taylor*, 150 Wn.2d 599, 602 (2003), the Washington Supreme Court considered whether dismissal of a criminal prosecution without prejudice is a final order for purposes of an appeal. The *Taylor* court concluded that an order of dismissal without prejudice does not fit within this court's definition of "final judgment." The court reasoned that the order of dismissal does not resolve legal and substantive issues. The dismissal without prejudice left the parties in the same condition as before the prosecution began.

We might follow the teaching of *State v. Taylor* and *Wachovia SBA Lending, Inc. v. Kraft* but for the many cases that allow vacation of an order of dismissal based on one party's failure to comply with an agreement or court order. In contrast to the cited decisions, the settlement agreement between the Nation and Okanogan County imposed obligations on the county. The order of dismissal did not leave the parties in the same position as before litigation was initiated. An order of dismissal does not ascend to the lofty position of the Ark of the Covenant that cannot be touched or function as the law of the Medes and Persians that cannot be altered.

Because Okanogan County violated the terms of a court order, the trial court could have and should have vindicated its authority and required compliance with its lawful

25

order by vacating the portion of the order dismissing lawsuit claims. Vacating the order promotes judicial economy over requiring the Yakama Nation to file a second suit.

As part of its appellate court presentation, the Yakama Nation contends that, with a vacation of the 2017 order of dismissal, it may proceed with the claims it asserted in its 2016 complaint in addition to proceeding to enforce the order of dismissal. We question whether the Nation can proceed with the causes of action as stated in its complaint. The complaint alleges that the current comprehensive plan and zoning ordinance fails to meet the standards of SEPA, GMA, and PEA. The settlement agreement, however, suggests that the Nation relinquished its claims that the current plan and ordinance violated the law, in exchange for Okanogan County agreeing to adopt a new plan and ordinance. The agreement read that the dismissal was without prejudice to any "future claims or defenses by any party." CP at 205. The agreement did not reserve the right to challenge the current comprehensive plan and zoning ordinance of Okanogan County. An agreement that only expressly reserves future claims impliedly waives past or pending claims.

The Yakama Nation's release of any rights to challenge the pending comprehensive plan and zoning ordinance may lack any practical impact on the Nation's rights. The Nation reserved future rights such that, if any future comprehensive plan and zoning ordinance violates the SEPA, GMA, or PEA, the Nation may still litigate its rights under the Acts. Since the parties did not brief the extent to which the 2017 stipulated

agreement and order of dismissal precludes past claims of the Yakama Nation, not arising out of the agreement, we issue no ruling on the question.

Attorney's Fees

Okanogan County requests an award of reasonable attorney fees and costs on appeal on the basis that the Yakama Nation's appeal is frivolous. Since we rule in favor of the Yakama Nation, we conclude the Nation's appeal is not frivolous.

CONCLUSION

We remand to the superior court to vacate the 2017 order of dismissal and to enforce the terms of the order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Lawrence-Berrey, J.

27